THE CENTRAL RAILROAD *vs.* LOGAN & COMPANY.

1. Where a firm who shipped salt over a railroad, to be delivered to a connecting road and thence carried to its destination, brought an action for damages against the connecting road for refusing to receive the salt loaded on board the cars of the first railroad, and required trans-shipment thereof, there was no error in permitting one of the plaintiffs to testify that they had sustained loss in their business by being compelled to sell the salt on hand at greatly reduced prices by reason of the conduct of the defendant. Under §§719(q), 719(s) of the code, upon a refusal to receive and transport goods brought over a connecting line, when such facilities are afforded to other connecting roads, or to the patrons of other roads or of its own road, damages are presumed up to ten per cent. of the value of the property, and in order to increase the recovery for damages and expenses from ten per cent. to the limit of twenty-five per cent. fixed by the statute, all the elements of real or actual damages which are admissible in other actions may be shown.

2. Where suit was brought against a railroad company, which operated another railroad under lease, for a refusal to receive goods and transport them over the line so operated by it, there was no necessity to make the lessor a party defendant to the action; and there was no error in refusing to dismiss the case because service was not perfected on the lessor company.

3. There was no error in charging that, if a railroad company had not complied with the law as prescribed in §719(s) of the code, it was liable to the penalty prescribed in §719(q).

4. Where a railroad company passed an order to the effect that, after

that date, no shipment of salt or other merchandise from Brunswick, in competition with Savannah, would be received for local stations on its line, or for passing over another road operated by it under lease, or for points beyond, unless charges were prepaid and shipments were delivered at the company's warehouse by drays as local business, and that local rates from that point would be assessed; if a firm who shipped salt from Brunswick by a road connecting with the first mentioned road, made a tender to it of one or more cars loaded with salt, and it was refused, and when forty-seven more cars arrived, the agent of the road bringing them inquired of the agent of the other road whether the order above stated was still of force and operative, and was informed that it was still of force, there was no necessity for further tender of the cars to the refusing road before bringing suit for such refusal.

January 25, 1887.

Railroads. Damages. Negligence. Evidence. Parties. Tender. Before Judge FORT. Bibb Superior Court. April Term, 1886.

Reported in the decision.

LYON & GRESHAM, for plaintiff in error.

HILL & HARRIS; DESSAU & BARTLETT, for defendants.

BLANDFORD, Justice.

Logan & Co. brought their action against the Central Railroad, and by their declaration alleged that they were damaged by the defendant, in that it refused to receive and transport forty-seven car-loads of salt, which plaintiffs had shipped from Brunswick, Georgia, to Macon, Georgia, upon the cars belonging to the E. T., Va. & Ga. Railroad, consigned to persons residing on the Southwestern Railroad, the said E. T., Va. & Ga. Railroad connecting with the Central Railroad at Macon, and having the same gauge, but the salt was required to be unloaded and transported in drays to the warehouse of the Central Railroad in Macon at great expense to plaintiffs; and that the Central Railroad. was operating the Southwestern Railroad; and

by an amendment, it was further averred that the Central Railroad had leased the Southwestern Railroad. There was a count that, by reason of defendant's having failed to receive salt of plaintiffs, their business was broken up and that thereby they sustained great damage. There was a general demurrer to the sufficiency of the declaration. The court below sustained the demurrer and dismissed the action. On writ of error to this court at the February term, 1885, this judgment sustaining the demurrer and dismissing plaintiffs' action was reversed, this court holding the declaration sufficient. 74 *Ga.* 684.

1. One of the plaintiffs was permitted to testify, over objection of defendant's counsel, that they had sustained loss in their business by being compelled to sell the salt which his.company had on hand, at greatly reduced prices, by reason of defendant's having refused to receive the cars of the E. T., Va. & Ga. R. R., and requiring trans-shipment at Macon by drays to defendant's warehouse. This is the first exception, and we will deal with it now. The act of 1874, as contained in sections 719(q) and 719(s) of the code, (the first section) provides that, if any railroad company shall fail to deliver to a connecting road goods shipped to any point over or beyond such connecting road, the road failing to deliver shall be guilty of a conversion of the goods so shipped, and the owner or consignee may recover the value of the same, with interest, and not less than ten nor more than twenty-five per cent. for expenses and damages. The last section provides that there shall be no discrimination by a railroad company in its rates or tariff of freights in favor of any line or route connected with it as against any other line or route, nor, when a part of its own line is sought to be run in connection with any other route, shall such company discriminate against such connecting line, or in favor of the balance of its own line, but shall have the same rates for all, and shall afford the usual and like customary facilities for interchange of freights to patrons of each and all routes or lines alike ; any refusal of

the same shall give a like right of action as mentioned in section 719(q) of this code. Damages are presumed, under this last section 719(s) as in 719(q), up to ten per cent. of the value of the property which the railroad refuses to receive and transport when like facilities are afforded to other connecting roads, or to the patrons of other roads, or even of its own line, and beyond ten per cent. and within the limit of twenty-five per cent. all the elements of real or actual damages which are admissible in any action are admissible in this action. The jury are required, when the railroad company has violated this statute, to find at least ten per cent. upon the value of the goods shipped, and may find twenty-five per cent., and any testimony which shows loss or damage to the plaintiff by reason of the misconduct or fault of the defendant is admissible in evidence to the jury, which may influence their finding up to or within twenty-five per cent., and in this case, the jury did not exceed the limit of twenty five per cent., the value of the salt being shown to be from five to seven thousand dollars, the finding being nine hundred dollars.

2. When the plaintiffs closed the introduction of evidence in the case, defendant moved to dismiss the case, because it appeared that whatever damage had been done was by the Southwestern Railroad Company, and not by the Central Railroad; and that the Central Railroad was alone sued, there being no service on the Southwestern Railroad, the lessor to the Central Railroad, as required by law. This motion was overruled by the court, and this is excepted to and error is assigned on said exception. This exception and ground of error was ruled adversely to the plaintiff in error in the case of *Central Railroad vs. White-head et al.* 74 *Ga.* 441. It is alleged in the declaration, and was proved on the trial of the case, that the Central Railroad was operating the Southwestern Railroad when the damage was done; this being so, there was no necessity to make the Southwestern Railroad Company a party to the

suit.  Whether the Central Railroad Company operated
the Southwestern Railroad under a lease or otherwise, it
was bound to comply with the law, and a failure on its
part to discharge its legal duties rendered it liable to any
one injured thereby.

3. The court charged the jury, and every point therein
is excepted to by the plaintiff in error.  The main ground
relied on by plaintiff in error is, that there was error in the
court's charge that, if the railroad company had not
complied with the law as prescribed in section 719(s) of
the code, it was liable to the penalty prescribed in section
719(q).  The plaintiff in error insisting that the right of
action against a railroad company for refusing to receive
goods and mulcting it in fixed damages for such failure,
was not enacted until 28th September, 1883, after this suit
was brought, and that no damages could be recovered but
the actual damages incurred by the plaintiff for the trans-
shipment of the salt which had been tendered.  The de-
cision complained of was, in effect, ruled in this case when
it was formerly before this court at the February term,
1885.  74 Ga. 684.  But if it was not, we think that, con-
struing sections 719(q) and 719(s) together, the provis-
ion in 719(s) that any refusal of the same, that is, like
facilities afforded to one road connected with it, shall give
a like right of action as that mentioned in 719(q).  The
right of action given in 719(q) is to recover not less than
ten per cent. nor more than twenty-five per cent. for ex-
penses and damages.  These two sections give a right of
action for the non-delivery of goods to a connecting road
by a road entrusted with their carriage, which goods are
consigned to point or points beyond its limits or terminus,
and a like right of action for refusal of a connecting road
to receive the goods and in discriminating in favor of one
line and against another.  These sections give the right of
action to the plaintiffs in this case.  So we hold that there
is no error in the charge as mentioned in this case by the
plaintiff in error.

4. The next assignment of error insisted on by counsel for plaintiff in error is, that the court erred in instructing the jury that, if the plaintiffs tendered to defendant one or more car-loads of salt and it was refused, and when the 47 cars loaded with salt arrived, the agent of the railroad company bringing the salt to Macon inquired of the agent of the Central whether a certain order issued by the officers and agents of the Central Railroad Company on the 12th October, 1882, to the effect that, after that date, no shipment of salt or other merchandise from Brunswick, in competition with Savannah, will be received for local stations in its line, or passing over the Southwestern Railroad division or points beyond, unless charges are prepaid and shipments are delivered at the warehouse by drays as local business, when local tariff rates from Macon will be assessed on same, was still of force and operative, and he was informed that said order was still of force, then there was no necessity for further tender of cars to defendant. We think there was no error in this charge. The publication of the order by defendant, and the notification to the delivering company that the order was still of force, was a waiver of tender by defendant, and a party acting under such order will be equally protected as if he had made actual tender.

These are the main grounds in the assignments of error, and we need only say that there does not appear to be any error in the other assignments.

Judgment affirmed.