UNITED UNDERWRITERS INS. Co. *et al. v.* POWELL & Co.      94  359
                                                          f116  704

1. The action being against several defendants, and some of them having demurred severally to the petition as presenting no cause of action against them, and the court having overruled their demurrers, they were entitled by virtue of the act approved October 16th, 1891, amending section 4250 of the code, to bring that decision by a direct writ of error to this court for review, although the suit was still pending below as to a defendant who did not demur.

2. A floating policy of insurance which declares that it does not cover cotton on which there is any more specific insurance, does not embrace or apply to any cotton which is specifically insured in another company, and therefore is not subject to share with the other company the burden of loss sustained by the latter or by the insured in respect to the cotton covered by the more specific insurance; and for this reason, the company issuing the floating policy cannot be called upon to contribute to a loss resulting from destruction of the cotton covered by the more specific insurance, although the policy touching the latter contain a clause declaring that "in case of any other insurance upon the property hereby insured, whether made prior to or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, whether by specific or floating policies."

August 31, 1894.

Action on fire insurance policies.    Before Judge HARRIS.    Coweta superior court.    September term, 1893.

JACKSON, LEFTWICH & BLACK, for plaintiffs in error.
DORSEY, BREWSTER & HOWELL, *contra.*

SIMMONS, Justice.

1. Powell & Company filed their petition against the Macon Fire Insurance Company, the Liverpool and London and Globe Insurance Company, the United Underwriters Insurance Company, and the Hartford Fire Insurance Company. The three companies last named filed demurrers on similar grounds, which demurrers were overruled, and to this ruling they excepted. The Macon Fire Insurance Company did not demur, and the action is still pending in the court below against it. The other companies sued out their bill of exceptions to this court; and when the case was called here, the defendant in error moved to dismiss it on the ground that the judgment was not final in the court below, but the case was still pending therein. The act approved October 16, 1891, amending section 4250 of the code (Acts 1890–91, vol. 1, p. 82), adds to that section the words " or final as to some material party thereto," so that the section as amended reads : "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case, or final as to some material party thereto," etc. If the demurrers filed by the three insurance companies which are now plaintiffs in error here had been sustained, the judgment of the court below would have been final as to them ; and under the amendment above recited, we think they had a right to except to the ruling of the court below and bring the case here, although the suit was still pending against one of the defendants who did not demur, and, by reason of the decision complained of, against the excepting defendants also. These plaintiffs in error were material parties to the action as brought in the court below, and if there was no cause of action set out against

them in the equitable petition, it was useless to keep them in court until the action against the fourth company had been finally disposed of. This may have been the reason for the passage of this act of the legislature; but whatever the reason may have been, it is sufficient for us to say that the law is thus written.

2. It appears from the petition that Powell & Company procured insurance upon certain cotton in a particular warehouse in Newnan, Georgia, with five different insurance companies, to the amount of $2,000 in each company. They afterwards took out other insurance to the amount of $10,000, in what are called "floating policies," with four insurance companies. A fire occurred, and cotton to the amount of $13,000 in value was burned. Four of the five companies, which had issued what are called "specific" policies on the cotton in the particular warehouse, paid up their losses to the amount of $2,000 each; and the companies which had issued the "floating" policies paid the loss in excess of $10,000, to wit $3,000, *pro rata* among themselves. When the fifth of the companies which had issued specific policies, to wit the Macon Fire Insurance Company, was called upon to pay its $2,000 of specific insurance, it declined to do so, on the ground that its policy contained a clause declaring: "In case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, whether by specific or floating policies." The Macon Fire Insurance Company claimed that under this clause of its policy, it was not liable for the whole amount thereof, but was only liable to pay its proportion of the total amount of insurance, counting the floating and specific policies, and refused to pay any more.

The petition, after alleging that the Macon Fire Insurance Company was indebted to the petitioners the full amount of its policy, and praying judgment for that amount, $2,000, with interest, contained an alternative prayer that if the court should hold that the Macon company was not liable for the full amount of its policy, the other companies which had been made defendants and with whom the petitioners had settled upon their floating policies as before mentioned, be required to pay, in addition to what they had already paid, their part of such sum as by a proper construction of the policy of the Macon company the court might find to be due by said companies.

The policy of the Macon Fire Insurance Company recited that it was " on cotton in bales . . . contained in Smith's warehouse, situate in Newnan, Ga." The floating policies recited that they were " on cotton in bales . . . in all or any of the stores, presses, warehouses, sheds, yards, railroad yards and wharves, . . . or while in transit in or while on any of the streets in ———." No particular warehouse and no cotton stored in any particular warehouse was mentioned. Each of the floating policies contained also the following condition : " This policy shall not apply to or cover any cotton which may at the time of loss be covered in whole or in part by . . . . . any more specific insurance." The policies containing this condition do not, in our opinion, embrace or apply to any cotton specifically insured in another company, and therefore are not subject to share with the other company the burden of loss sustained by the latter or by the insured in respect to the cotton covered by the more specific insurance ; and for this reason the companies issuing the floating policies cannot be called upon to contribute to a loss resulting from destruction of the cotton covered by the more specific insurance, notwithstanding the clause in

the Macon company's policy, already quoted, under which that company claimed exemption from liability for anything more than the proportion its insurance bore to the whole insurance, counting floating as well as specific policies. According to their express language, the floating policies do not apply to or cover the same cotton which was insured by the Macon Fire Insurance Company, for the latter company insured cotton in a designated warehouse, and this is specific insurance; certainly it is more specific than that of the floating policies. Such being the fact, the companies issuing these policies have protected themselves by their contract with the insured against liability, whether by contribution or otherwise, for the loss of any cotton which the policy of the Macon Fire Insurance Company covers. Where the property insured is not the same, there is no common insurance, and consequently no contribution.

*Judgment reversed.*