## MORRIS v. WOFFORD.

1. Even if the court erroneously requires a party litigant to elect between two pending remedies, an election by the party in compliance with the order of the court will prevent such party from afterwards complaining that the court erred in requiring him to elect.
2. There was no error in overruling the motion to set aside the judgment.

Submitted February 13, — Decided March 12, 1902.

Motion to set aside judgment. Before Judge Lumpkin. Fulton superior court. March 16, 1901.

*Simmons & Pettigrew*, for plaintiff in error, cited, as to the right to join a motion for a new trial with a motion to set aside the verdict and judgment: 14 Enc. Pl. & Pr. 119; 67 Ill. App. 288.

*C. D. Maddox*, contra.

COBB, J. At the September term, 1901, the case of Morris against Wofford was tried, and a verdict and judgment rendered in favor of the plaintiff. During the term the defendant made, in the same document, a motion for a new trial and also a motion to set side the verdict and judgment. At the hearing the court required counsel for defendant to elect which of the motions he would insist on, under penalty of having them both dismissed if no election was made. Counsel elected to prosecute the motion to set aside; and this motion having been determined adversely to the defendant, he excepted to the order of the court requiring the election, as well as to the refusal to set aside the judgment.

1. We shall not undertake to decide whether the action of the court in requiring the election was proper or not. If it was improper, the defendant has waived his right to complain. He should have submitted to a dismissal of both of his motions and excepted to the order of dismissal. While it is alleged that the election was made under compulsion, the compulsion consisted in the statement by the judge that he would dismiss both motions unless the defendant elected to prosecute the one rather than the other. There was no such compulsion as made it imperative for the defendant to elect. His election was under the circumstances purely voluntary, and by so doing he waived his right to insist on both motions. There is no merit in this exception. The principle above announced has been heretofore ruled by this court. *Rome Railroad Co.* v.

*Thompson,* 101 *Ga.* 28 (11).   See also *Hamer* v. *White,* 110 *Ga.* 300, and case cited; *Walker* v. *Equitable Mortgage Co.,* ante, 862.

2. The motion to set aside the judgment was based on the following facts : Morris employed the law firm of Simmons and Corrigan to represent him.   Mr. Corrigan was granted a leave of absence from the court, and during his absence the case was set down for trial.   When the case was called and set down for trial, Mr. Simmons had a representative in the court-room in the person of Mr. Pettigrew, who had agreed to watch the progress of his cases. Mr. Pettigrew was unfamiliar with the names of Mr. Simmons' cases, and, on account of the noise in the court-room on the day in question, did not hear the case against Morris called, and supposed that those cases of Mr. Simmons which he had not heard called had been continued on account of the absence of Mr. Corrigan.   Mr. Simmons did not know that the case against Morris had been placed on the calendar for trial, until after the verdict and judgment against him had been rendered.   The movant relied upon certain rules of procedure which the members of the Atlanta bar had approved and which the court had adopted for its convenience. The only one of these rules which is material to the present discussion is as follows: " In cases of firms where leave [of absence] is granted to individual members thereof, this shall not prevent a case which is to be tried by the other member or members from being set down."   We do not think there was any error in refusing to set aside the judgment.   So far as appeared from the showing made, Mr. Simmons was in the city when the case was set down for trial. It was not shown that Mr. Corrigan had sole charge of the case, or that the court was informed that the case was to be represented by him alone.   Even if the local rule of procedure above quoted was binding on the court, it was not improper to set down the case for trial; for, as stated above, it was not shown that Mr. Corrigan had sole charge of the case, and no reason was made to appear why Mr. Simmons could not proceed with it in his partner's absence.   After the case was set down for trial, of .course it was proper to dispose of it when it was regularly called in its order, unless some good reason was shown at the time for not doing so ; and the judgment then rendered in the case should stand, unless sufficient cause is shown for setting it aside.   Two reasons are assigned why the judgment should be set aside.   In the first place, it is claimed that Mr.

Pettigrew was unfamiliar with the names of the cases in which Mr. Simmons was interested; and in the second place, that the noise in the court-room on the day in question was so great that he did not hear the case called. Manifestly neither of these reasons affords any sufficient cause for setting aside the verdict and judgment. Mr. Simmons should have informed Mr. Pettigrew distinctly as to his cases which were pending on the docket; and if the noise prevented the latter from hearing the proceedings, the attention of the judge should have been called to this fact, and a request made that he require the noise discontinued. No such reason as this can avail to have vacated a solemn judgment of the court rendered in due course of law.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*