## MACON FIRE INSURANCE CO. *v.* POWELL & CO.

Cotton which, while stored in a particular warehouse, is specifically covered by a policy of fire-insurance does not, until by removal from the warehouse or otherwise it loses the protection thus afforded, come within the operation of a "floating" policy which in express terms stipulates that it shall not be held to "apply to or cover any cotton which, at the time of the loss, may be covered by any more specific insurance."

Argued November 18,—Decided December 11, 1902.

Action on insurance policy. Before Judge Harris. Coweta superior court. December 30, 1901.

*Dessau, Harris & Harris*, for plaintiff in error.
*Dorsey, Brewster & Howell*, contra.

SIMMONS, C. J. Suit was instituted by T. W. Powell & Company upon a policy of fire-insurance issued by the Macon Fire Insurance Company. It set up the defense that, at the time of the fire referred to in the plaintiffs' petition, they held policies issued by other insurance companies which covered the property destroyed, and that it had already paid to the plaintiffs its proportionate part of the loss sustained, agreeably to the terms of the policy it had issued to them. The case was, by consent of the parties, submitted to the trial judge without the intervention of a jury, and he entered up judgment in favor of the plaintiffs for a specified amount, as representing the difference between the sum the company had voluntarily paid and that for which it was liable under the policy. At the time of loss, the "plaintiffs were insured by specific insurance" aggregating in amount $10,000, under policies issued by the defendant and other companies. The policy of the Macon Fire Insurance Company contained the following stipulation: "In case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, whether by specific or floating policies." The plaintiffs "were also insured, under policies known as and called 'floating policies,' in the Liverpool, London & Globe" and other companies, to the amount of $10,000. Each of the policies last referred to stipulated that the plaintiffs were to be indemni-

fied against loss " on cotton in bales, either owned or held by them in trust or on commission, or on joint account with others, or sold but not delivered, in all or any of the stores, presses, warehouses, sheds, yards, railroad yards and wharves, or while in transit, or in any of the streets in Newnan, Georgia;" that the policy should be understood as covering "cotton at any of the presses, the fact of bills of lading having been signed for the same notwithstanding;" but that it should not be held to "apply to or cover any cotton which at the time of the loss [might] be covered by any more specific insurance." Some of the cotton destroyed by the fire was stored in what was known as "the Smith Warehouse," in Newnan, Ga., while some of it was piled in an adjacent street. The issue upon which the case was made to turn in the trial court was whether or not the "floating" policies covered the cotton which was located in that warehouse. The policy issued by the defendant company undoubtedly did, as it was in express terms made to apply to cotton in bales while "contained in Smith's Warehouse, situated in Newnan, Georgia."

The question upon which we are called upon to pass was definitely settled by the decision rendered by this court in the case of *United Underwriters Ins. Co.* v. *Powell & Co.*, 94 *Ga.* 359, wherein it was held that : " A floating policy of insurance which declares that it does not cover cotton on which there is any more specific insurance, does not embrace or apply to any cotton which is specifically insured in another company, and therefore is not subject to share with the other company the burden of loss sustained by the latter or by the insured in respect to the cotton covered by the more specific insurance; and for this reason, the company issuing the floating policy can not be called upon to contribute to a loss resulting from destruction of the cotton covered by the more specific insurance, although the policy touching the latter contain a clause declaring that 'in case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, whether by specific or floating policies.'" This court had under consideration in that case the very policy issued by the Macon Fire Insurance Company which is sued on in the present case, and also the "float-

ing" policies above mentioned. That the decision then pronounced was correct we are entirely satisfied. As to cotton stored in a warehouse which was under the protection of a policy such as that issued by the Macon Fire Insurance Company, the evident and clearly expressed purpose of these "floating" policies was that the cotton should be thereby covered only in the event it subsequently, by removal from the warehouse or for some other reason, came out from under such protection. They did not apply to any cotton covered by the more specific insurance.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*