## SOUTHERN CEMENT STONE CO. *v.* LOGAN COAL & SUPPLY CO.

Upon the hearing of an application for an interlocutory injunction, the court enjoined the plaintiff from doing certain acts and the defendant from doing certain acts, but provided that the order granting the injunction against the plaintiff should be superseded upon the giving of a specified bond, conditioned to pay the defendant such damages as it might recover on the final trial. It being made to appear to this court that the plaintiff gave bond in accordance with the terms of the order, an exception to the order on the ground that the plaintiff should have been allowed to do the work without giving such bond will not be entertained.

(a) If the order be construed to mean that the defendant was permitted to do certain work merely upon giving bond conditioned to pay the plaintiff such damages as it might recover upon the final trial of the case, an exception to the order on the ground that the defendant should have been enjoined without being permitted to perform the acts upon giving bond will not be considered by this court, when it appears that the defendant gave bond in accordance with the terms of the order, and, since the bill of exceptions was filed, has performed the acts which the plaintiff sought to have the defendant restrained from doing; nor will such exception be considered if the order be construed to mean that the defendant was not permitted to do such work unless it gave the required bond and also registered its business with the municipality of Brunswick and took out a license from that city, where the work done by the defendant was upon the streets of the city and in

pursuance of a contract between the defendant and the city, the latter being no party to the case.

JUNE 21, 1911.

Petition for injunction. Before Judge Conyers. Glynn superior court. August 13, 1910.

*F. H. Harris* and *R. D. Meader,* for plaintiff.

*Crovatt & Whitfield,* for defendant.

HOLDEN, J. This case involved a contest between the parties as to which had the right to do certain paving and curbing of the sidewalks on a street in the City of Brunswick. The appellant was plaintiff in the court below, and the parties will be referred to as plaintiff and defendant. On an interlocutory hearing for temporary injunction, the court issued an order enjoining the plaintiff from paving the sidewalks on specified portions of the street, and enjoining the defendant from paving certain other portions of the sidewalks. The terms of the order were such that the injunctions were superseded with respect to the plaintiff upon its giving a bond required by the order, conditioned to pay the defendant such damages as it might recover on the final trial of the case. Exceptions filed by the plaintiff assign as error: first, so much of this order as required it to give bond before allowing it to do certain work; and, second, so much of the order as permitted the defendant to continue certain other work upon complying with the conditions of the order and restrained the plaintiff from doing that particular work, plaintiff contending that the court should have enjoined the defendant from doing this portion of the work and have permitted the plaintiff to perform it without any restriction. The defendant filed in this court a motion to dismiss the writ of error, which motion contained the following grounds: "1. The respective parties to said case having each for itself made and filed in the office of the Clerk of Glynn Superior Court the several bonds, certified copies of which are hereto attached and made a part of this motion, contemplated and authorized by the judgment of the court below excepted to and to be reviewed in said case, nothing remains upon which the judgment of the Supreme Court, if rendered now in the premises, can operate. 2. That each of said parties, having so made and filed in its own behalf the bond authorized by the judgment of the court excepted to and to be reviewed, thereby accepted the terms of said judg-

ment and is estopped from excepting thereto, and no judgment rendered thereupon by the Supreme Court of Georgia can now be of effect. 3. The acts sought to be enjoined having been fully done and accomplished since the filing of the bill of exceptions in said case, the writ of error ought not to be entertained." Attached to the motion were certified copies of the bonds given by the plaintiff and the defendant pursuant to the terms of the interlocutory order referred to above. Upon the plaintiff accepting the conditions of the order by giving the required bond, it became freed from any restraint under the injunction against its doing that portion of the work covered by the bond and which forms the basis of the assignment of error first mentioned above. Whether or not the 3d ground of the motion to dismiss can be construed as alleging that this portion of the work has been completed, the plaintiff rested under no injunction with reference thereto after the giving of the bond, and had a right to go ahead with that portion of the work. There is now, therefore, no question for this court to decide with respect to the action of the court in dealing with that portion of the work in the interlocutory order to which exception is made. The practical effect of the order was to enjoin the plaintiff unless it gave a certain bond; and the plaintiff having given the bond, there was no injunction outstanding against it. If the plaintiff wished to except to the order enjoining it unless it gave bond, it should have excepted without giving the bond and accepting the terms of the order. The attitude in which the plaintiff placed itself in excepting to the order enjoining it unless it gave bond, and that in which it placed itself in accepting the terms of the order by giving the bond so that it could proceed with the work, are inconsistent. The plaintiff could not *except* to the provisions of the order and also *accept* its terms. See, in this connection, *Glover* v. *S., F. & W. Ry. Co.,* 107 *Ga.* 34 (3), 43 (32 S. E. 876); *Rome R. Co.* v. *Thompson,* 101 *Ga.* 26 (11), 28 (28 S. E. 429).

The 3d ground of the motion to dismiss recites that the acts "sought to be enjoined" have been fully done and accomplished. A copy of the motion to dismiss, and a rule nisi of this court requiring counsel for the plaintiff to show cause why the motion should not be sustained, were served on such counsel, and in their answer to the latter they admit that the plaintiff and the defend-

ant have given the bonds required by the order; and with reference to the acts of the defendant sought to be enjoined, they state:. "The defendant in error has not, so far as we are advised, performed the work of laying the pavement and curbing in compliance with its contract, and we do not admit that it has done so. The act sought to be enjoined originally was the laying of such paving and curbing by the defendant. Even if it has done so, it would have been in contempt of the trial judge's order as to registering its business and paying its license, and the court will not presume that it has done an illegal act." There is no denial of the statement, in the 3d ground of the motion to dismiss, that the acts sought to be enjoined have been fully done and accomplished since the filing of the bill of exceptions. Under this answer, it is proper for this court, in dealing with the motion to dismiss, to treat the work by the defendant, sought to be enjoined by the plaintiff, as having been "fully done and accomplished" since the filing of the bill of exceptions. See, in this connection, *Henderson* v. *Hoppe,* 103 *Ga.* 684, 685, 686 (30 S. E. 653). The bond required by the order as a prerequisite to the defendant doing the work sought to be enjoined having been given, the doing of such work by the defendant will not be held to be illegal. The order granted in this case is not altogether clear in its terms. It is susceptible of a construction that upon the defendant merely giving the bond required it could proceed with the work. If this construction be put upon it, it appearing that the bond has been given and the work completed, an exception to the order permitting the defendant to do the work upon giving the bond would not be considered. *Baird* v. *Atlanta,* 131 *Ga.* 451 (62 S. E. 525) ; *Davis* v. *Jasper,* 119 *Ga.* 57 (45 S. E. 724) ; *Henderson* v. *Hoppe,* supra. If it should be construed to mean that, upon giving the required bond, the defendant should not do the work without first registering its business and taking out a municipal license, it should be borne in mind that this proceeding was not brought by the city, but was a controversy between two competing contractors to perform certain work on the sidewalks, and the work which the defendant was to do was under a contract with the city itself, and not as a general contractor doing work for other people. It appears that the bond was given and the work has actually been completed. While it is not affirmatively shown that the

defendant registered and took out a municipal license, neither does it appear that it did not do so. As the work was done directly under a contract with the city and under its supervision, we can not presume that it was illegally done without complying with the necessary municipal requirements. Nor do we think that under such circumstances, after the giving of the bond and the completion of the work, this court is bound to proceed to determine whether the court committed error in granting the order complained of respecting the injunction sought against its performance, on the assumption that such work was done for the city without a due compliance with the municipal laws, or merely because it is not affirmatively shown that there was a registration and an issuance of a license. It appearing that there is now no substantial issue between the parties before this court for decision, the writ of error is                    *Dismissed. All the Justices concur.*