## BRIDGES *v.* SOUTHERN RAILWAY COMPANY.

1. The evidence was insufficient to support a verdict for the plaintiff.
2. The refusal of the judge to grant a new trial on account of alleged errors in refusing to admit evidence, or to require the defendant company to produce an original paper, will not be disturbed.
3. There was no error in refusing to grant a new trial on account of alleged errors in the charge, or in the failure to charge as complained of.

NOVEMBER 15, 1911.

Action for damages.   Before Judge Martin.   Pulaski superior court.   October 31, 1910.

*H. F. Lawson,* for plaintiff.

*Graham & Graham,* for defendant.

ATKINSON, J.   T. H. Bridges instituted suit against the Southern Railway Company for damages on account of the loss of a trunk and its contents, alleged to be the plaintiff's baggage while a passenger on the railroad of the defendant.   A verdict having been rendered against the plaintiff, he moved for a new trial, which was refused, and he excepted.

1.   The plaintiff testified to the value of the trunk and its contents, and also, in substance, that he purchased a round-trip ticket from Hawkinsville, Georgia, to Richmond, Virginia, to return by way of Norfolk, Virginia, by rail.   The defendant's agent at Hawkinsville gave the plaintiff a check for his trunk to Richmond.   He received his trunk at Richmond, and left there for Norfolk, over the Old Dominion Steamship Company's line, receiving from that company a check for his trunk from Richmond to Norfolk.   The Southern Railway Company's line did not run into Norfolk.   Upon his arrival at Norfolk he received from a transfer company, in return for the Steamship Company's check, a transfer check.   The trunk could not be found, and the transfer company then delivered

to the plaintiff a check purporting to be a Southern Railway Company's check for the transportation of the trunk from Norfolk to Hawkinsville. Upon his return to the latter place the plaintiff presented the last-mentioned check to the local agent of the defendant at that place, and demanded his trunk. The trunk could not be found there, and the agent took the check and endeavored to trace the trunk, but failed to do so, and subsequently returned the check to the plaintiff. There was no evidence that the transfer company at Norfolk was the agent of the defendant company, which denied that the trunk was ever delivered to it or its agent after the plaintiff had received it at Richmond. The plaintiff testified that the agent of the transfer company was also the agent of the Southern Railway Company, but qualified this by saying that the only reason he had for saying so was because he issued this Southern Railway Company check. The only other testimony on this point was that the Southern Railway Company had an office in Norfolk. Under the facts stated, the plaintiff was not entitled to recover.

2. It was complained in the motion for new trial that the judge rejected evidence offered by the plaintiff to the effect that it was the universal custom in Norfolk for a person holding a check of one railway company to deliver it to the agent of another company and receive a check in return from the latter company; also that the court did not require the defendant company to produce, in response to a notice served upon it, the original ticket sold by the defendant to the plaintiff. Relatively to the notice to produce, it was also urged that the response made by the defendant was insufficient, and that the plaintiff was entitled to a judgment by default, under the statute, on account of the alleged insufficiency of the response. The defendant did not contend upon the trial that it had not sold the ticket as claimed by the plaintiff, and a sworn copy was actually introduced by the defendant without objection upon the part of plaintiff. If the original ticket had been introduced, it would not have been sufficient to make out the plaintiff's case. No motion was made by the plaintiff for a judgment by default on account of the failure to make proper response to the notice to produce. If a proper case had been presented for such a judgment, in order to take advantage of the right, it was incumbent upon the plaintiff to move for a judgment. *Morris* v. *Wofford,* 114 *Ga.* 935

(41 S. E. 56) ; *Mayor &c. of Macon* v. *Humphries,* 122 *Ga.* 800 (50 S. E. 986). The refusal of the judge to grant a new trial on account of alleged errors in refusing to admit evidence, or to require the defendant company to produce the original ticket, will not be disturbed.

3. Error was assigned upon a charge of the court relating to the amount of damages recoverable in the case; but as, under the evidence, the plaintiff was not entitled to recover any sum, even if there had been error in the instruction, it would not have been harmful. Error was also assigned upon the failure of the judge to instruct the jury as to the "rule of law in reference as to how the existence of agency may be proven;" and also because the judge failed to give in charge "any rule of law in reference to the probative value of the railway baggage check as evidence of the delivery of the baggage to the railway company, or as evidence of the existence of agency on the part of the person delivering said check to the plaintiff." Under the facts recited in the first division of the opinion, there was no evidence sufficient to show that after the trunk went into the hands of the Old Dominion Steamship Company, a different carrier from the Southern Railway Company, it went out of the possession of that company, nor was there sufficient evidence of agency for the defendant, the Southern Railway Company, of any person who issued and received checks for the trunk after it went into the hands of the Steamship Company; and there was no error in failing to charge as complained of.

*Judgment affirmed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*