ADAMS *v.* GEORGIA RAILWAY AND ELECTRIC COMPANY *et al.*

FISH, C. J.   1. Adams brought a joint action for personal injuries against the Western & Atlantic Railroad Company and the Georgia Railway & Electric Company, two separate and distinct corporations. The defendants severally demurred to the petition. One ground of the demurrer of the Western & Atlantic R. Co. was that there was a misjoinder of parties defendant. The demurrer of the Georgia Railway & Electric Co. contained a similar ground, as well as one for misjoinder of causes of action. These grounds of demurrer were sustained, "with twenty days leave to plaintiff to amend." The plaintiff filed exceptions pendente lite to this ruling. Because of such ruling, and in order to comply with it, the plaintiff, by leave of the court and within the time allowed, amended the petition by striking therefrom the name of the Western & Atlantic R. Co., and dismissing the cause of action set forth in the petition against that defendant. Subsequently the case went to trial against the Georgia Railway & Electric Co. as sole defendant; and the trial resulted in a verdict for defendant. Plaintiff moved for a new trial, which was refused. He sued out a bill of exceptions in which both the Western & Atlantic R. Co. and the Georgia Railway & Electric Co. were named as defendants in error; and he assigned error therein upon the ruling excepted to pendente lite, and upon the judgment refusing a new trial. *Held:* The judgments sustaining the demurrers of the defendants to the petition were final in their nature; for, so long as they stood, they prevented the plaintiff from proceeding with the case in the trial court as against either one or both of the defendants. This being true, such judgments could be brought under review only by direct bill of exceptions filed within the time prescribed by law, and not by exceptions pendente lite upon which error could be assigned in a bill of exceptions sued out after the refusal to grant a new trial, and long after the expiration of the time allowed for excepting directly to the judgments sustaining the demurrers. *Sutherlin* v. *Underwriters' Agency,* 53 *Ga.* 442; *McGaughey* v. *Latham,* 63 *Ga.* 67; *United Underwriters' Ins. Co.* v. *Powell,* 94 *Ga.* 359 (21 S. E. 565) ; *Kollock* v. *Webb,* 113 *Ga.* 762 (39 S. E. 339) ; *Ellis* v. *Almand,* 115 *Ga.* 333 (41 S. E. 642) ; *Johnson* v. *Porter,* 115 *Ga.* 401 (41 S. E. 644) ; *Holland* v. *Saul,* 115 *Ga.* 511 (41 S. E. 995).

(*a*)  Moreover, the amendment to the petition, in which it was stated that it was made because of the judgments sustaining the demurrers for misjoinder, and by which the plaintiff struck the Western & Atlantic R. Co. from the case as a defendant and dismissed the cause of action alleged against it, placed the plaintiff in a position where he had no right to except to the ruling sustaining the demurrer of the Western & Atlantic R. Co., for the reason that such a procedure on the part of the plaintiff in submitting to the rulings of the court, instead of excepting thereto by direct bill of exceptions within the time allowed by law, placed him in the attitude of abandoning his joint action and electing to proceed against the Georgia Railway & Electric Co. only; and he could not thereafter complain that the court in effect required the petition to be amended. *Rome Railroad Co.* v. *Thompson,* 101 *Ga.* 26 (28 S. E. 420) ;

32

*Glover* v. *S., F. & W. Ry. Co.*, 107 *Ga.* 34 (32 S. E. 876); *Hamer* v. *White*, 110 *Ga.* 300 (34 S. E. 1001); *Morris* v. *Wofford*, 114 *Ga.* 935 (41 S. E. 56); *Southern Cement Stone Co.* v. *Logan Coal Co.*, 136 *Ga.* 475 (71 S. E. 915).

(b) It follows that the Western & Atlantic R. Co. could not properly be made a party defendant in error to the bill of exceptions; and therefore the motion of such company to dismiss the bill as to it is sustained.

2. Plaintiff was in the employment of the Western & Atlantic R. Co. as a switchman, and while riding at night on the top of a freight-car of that company at a point where the track of that company crossed two parallel tracks used by the Georgia Railway & Electric Co. and the Atlanta Northern Railway Co., he came in contact with a trolley-wire suspended over the track of the railroad company and was thereby knocked from the car to the ground and injured as complained of. In the trial of the case the question arose as to whether the wire which struck the plaintiff was owned or used by the Georgia Railway & Electric Co., or by the Atlanta Northern Railway Co. One ground of the motion for new trial was as follows: "Because the court erred in refusing to allow C. V. McDonald, a witness for plaintiff, to answer, while on the stand in the trial of said case, the following question propounded to him by movant: 'I forgot to ask you, did you notice that wire, the wire that hit Mr. Adams, the day after this accident?' Movant insisting that the witness, if permitted to answer, would answer as follows, to wit: 'Yes, I noticed it; the defendant, the Georgia Railway & Electric Company, raised the wire the next day.' And that the judge was then and there informed as to what the answer of the witness would be if he had been allowed to answer, and that said evidence was material, relevant, and admissible." Another ground was: "Because the court erred in refusing to allow movant to propound to L. Green, a witness for defendant, while he was on the stand in the trial of said case, the following question, to wit: 'Q. Wasn't this wire either raised or tightened by the defendant, Georgia Railway & Electric Company, the following day?' Movant insisting, if permitted to so propound said question, the witness would have answered, 'Yes,' of which fact the court was then and there informed." The motion does not disclose upon what ground the proffered testimony, as set forth in these grounds of the motion, was excluded. It was not error to refuse to permit the witness to give the testimony. The defendant is a corporation, that is an artificial being, invisible, intangible, and existing only in contemplation of law. It can act only through its agents or employees. It follows, of course, that this mere legal entity can not be seen. Accordingly, when the plaintiff offered to prove by the witnesses that the defendant, a corporation, on the day after the plaintiff was struck by the wire, performed the physical act of raising or tightening the wire, such testimony was necessarily the mere conclusion or inference of the witnesses, drawn, perhaps, from circumstances within their knowledge or of which they had heard, and therefore it was subject to objection for this reason; and as the ground for the exclusion does not appear, it will be assumed that it was on some proper ground. In this view of the matter, we are not called upon to decide whether competent evidence that the defendant by its agents or employees, soon after the plaintiff was injured, raised or tightened the

wire which struck him, would be admissible to show ownership or con-trol· by the defendant of the wire.

3. It was not error to refuse to permit a witness to testify that "Adams [the plaintiff] was à very careful fellow."

.4. The instructions complained of, which are set out in the ninth and eleventh grounds of the motion, were not cause for a new trial. The petition. alleged that the plaintiff was struck by the trolley-wire of the Georgia Railway & Electric Co. He shaped his case on that theory and attempted to prove it. The evidence disclosed that there were two par-allel tracks at the locality where the plaintiff was injured, which tracks were used by the cars of the defendant and those of the Atlanta North-ern Railway Co., and that there were two separate trolley-wires over each track, supported by the same poles and guy-wires; but the evidence failed to show to whom the guy-wires or the poles belonged, and en-tirely failed to make out the case contended for by the plaintiff in these grounds of the motion. In view of the allegations of the petition, the instructions complained of went at least as far in favor of the plaintiff as the evidence authorized.

5. Some of the evidence excluded plainly sought to prove the opinion of the witness, and none of it was of such character as to require a new trial. The other assignments of error were not meritorious.

*Judgment affirmed. All the Justices concur.*

EVANS, P. J., and LUMPKIN, J. We concur in the judgment, but do not concur in what is said in the first division of the first headnote, as to the question of practice. Where a presiding judge sustains a demurrer to a petition on the ground of misjoinder of parties, and strikes one of them, this ruling can be brought up by direct bill of exceptions. There are some rulings to the effect that the plaintiff can not preserve this point until the termination of the case against the other defendant, by filing exceptions pendente lite, if he so desires. But these are not de-cisions concurred in by six Justices, and we think they are not sound.

SEPTEMBER 29, 1914.

Action for damages. Before Judge Ellis. Fulton superior court. January 30, 1913.

*Felder, Anderson, Coburn & Whitman* and *Hewlett & Dennis,* for plaintiff.

*Colquitt & Conyers* and *Tye, Peeples & Jordan,* for defendants.