22981. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* MANN.

STEPHENS, J. 1. This being, as appears from the petition, a suit by a mother to recover the value of the life of her minor son on whom, it was alleged, she was dependent and who contributed to her support, and whose death, it was alleged, was caused by the negligence of the defendant railroad company in leaving freight-cars standing across a public street in a city at a railroad-crossing on a dark night, without warning lights or signals to indicate the danger to persons traveling along the road, and in violation of ordinances of the city prohibiting the obstruction of public streets by railroad-cars and prohibiting railroad-cars from remaining on a public crossing beyond a designated period of time, into which obstruction the plaintiff's son, in the exercise of due care, ran an automobile-truck in which he was traveling along the road, without seeing the obstruction, because of a curve in the road and its downward slope in approaching the railroad-track and of the presence of an embankment of dirt on the side of the road between him and the railroad-track, and there being evidence to authorize the inference that the plaintiff's son, who was a minor, was killed as alleged, and tending to show the value of his life, and that the plaintiff was dependent upon him for support and that he contributed to her support, and it having been adjudicated, in *Mann* v. *Central of Georgia Ry. Co.*, 43 *Ga. App.* 708 (160 S. E. 131), that the plaintiff's petition set out a cause of action and that under the facts alleged the plaintiff was entitled to recover, the verdict and judgment found for the plaintiff were authorized and were not contrary to law.

2. Where the court charged the jury that the suit was based upon alleged negligence of the defendant, and that if the defendant's negligence proximately caused the death of the plaintiff's son, and if due care required the defendant to maintain guards, lights, and other warnings for the purpose of giving notice that the street was obstructed, and the defendant failed in this respect, and its failure was negligence proximately causing the death of the plaintiff's son, the plaintiff would be entitled

to recover unless barred by the son's conduct, an exception that the charge was error in that it failed to instruct the jury that it was essential to the plaintiff's right to recover that she was dependent upon her son and that he actually contributed to her support is without merit where the court elsewhere in the charge stated that "in order for a mother to recover for the tortious homicide of her minor child the burden is on her to prove and make it appear that at the time of the homicide of her minor child she was dependent, either wholly or partially, upon said minor child, and that the child contributed substantially or materially to her support." A charge that the defendant, in its plea, denied the allegations of negligence in the petition and contended that the death of the plaintiff's son was due to the son's failure to exercise ordinary care and diligence, was not error in that the charge failed to state that the defendant denied other allegations of negligence in the petition, and that it failed to state a material contention of the defendant, as contained in its plea, that the plaintiff was not dependent upon her son for support, and that he did not contribute to her support, and that the jury was mislead into the belief that the question of negligence was the only issue in the case.

3. Where the court gave in charge to the jury a number of correct rules for determining where the preponderance of evidence lies, the charge was not error in that it omitted to state some of the other rules. A correct charge is not error in that it fails to give other matters in charge in the same connection. Especially is this true where no request was made to charge the law relative to a determination as to where the preponderance of the evidence lies. *Brooks* v. *Griffin*, 10 *Ga. App.* 497 (5) (73 S. E. 752).

4. It can not be said as a matter of law, under the facts and circumstances appearing from the evidence, that the crossing at which the plaintiff's son was injured was within the corporate limits of a municipality and in a populous community and that many people passed over the crossing, and that ordinances as applied to this crossing are unreasonable and arbitrary and place an undue burden upon interstate commerce, in that they prohibit an obstruction of a street at a crossing by cars of a railroad company in leaving cars on a crossing or blockading a crossing for a period of time longer than five minutes.

5. It was not error to admit the ordinances in evidence over the objection that they were unreasonable, arbitrary, and put an undue burden on interstate commerce.

6. Since it was provided by an ordinance admitted in evidence that a railroad company shall not allow any street in the city to be obstructed by railroad cars left at a crossing, a charge that the defendant would be guilty of negligence per se if it placed a box-car across a public street is not error in that the defendant would be guilty of a violation of the ordinance, or of negligence per se, irrespective of the purpose for which the car was placed at the crossing, or the length of time it was allowed to remain at the crossing. The charge is not subject to the objection that it instructed the jury that the violation of the ordinance by the defendant was negligence per se proximately causing the death of the plaintiff's son. The court, after instructing the jury that a violation

of the ordinance by the defendant would be negligence per se, instructed them that it was a matter for their determination whether such negligence was the proximate cause of the injury complained of.

7. A charge of the court that the jury could consider whether the defendant was negligent in not placing a guard, light, or other warning, as alleged in the petition, for giving notice of the obstruction of the street by the defendant's cars, is not subject to the objection that, to require such of a railroad at a crossing is unreasonable and unnecessary and an unlawful burden upon interstate commerce. Under the circumstances it was a question of fact for a jury whether the defendant was negligent in this respect, and the submission of this question to the jury was a submission to them of the question whether such requirement by the defendant was reasonable and necessary.

8. The court having clearly instructed the jury that the defendant would not be liable unless the death of the plaintiff's son was due to the defendant's negligence as alleged in the petition, it was not error to fail to instruct them that it excluded from the jury the consideration of whether the death of the plaintiff's son was due to an accident in which neither party was at fault.

9. Where the court correctly charged the jury as to the method of computing the value of the life of the plaintiff's son by the use of the mortality and annuity tables, and instructed them that they were not obliged to use either of the tables, it was not error for the court to fail to instruct the jury how to arrive at the value of the son's life without the use of the tables.

10. The verdict found for the plaintiff was authorized and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*
DECIDED MARCH 1, 1934.

*Beck, Goodrich & Beck, Garland M. Jones, A. S. Camp,* for plaintiff in error.
*Stanford Arnold, Charles H. Arnall,* contra.