35098. SAVANNAH & ATLANTA RAILWAY COMPANY
*v.* NEWSOME.

35088. NEWSOME *v.* SAVANNAH & ATLANTA RAILWAY
COMPANY *et al.*

DECIDED JUNE 24, 1954—REHEARING DENIED JULY 9, 1954.

*W. Tom Veazey, Randall Evans, Jr.,* for G. G. Newsome and Mrs. Newsome.

*Hitch & Harrison, J. Cecil Davis,* for Savannah & Atlanta Ry. Co. and Central of Georgia Ry. Co.

FELTON, C. J. 1. (a) Both counts of the petition alleged a good cause of action against Savannah & Atlanta Railway Company. There are circumstances where due care for the safety of others would require a railroad obstructing a crossing to place a guard, light, or some other warning at a proper point to give notice for the time that the crossing is obstructed. *Mann* v. *Central of Georgia Ry. Co.*, 43 *Ga. App.* 708, 711 (160 S. E. 131) ; *Atlantic Coast Line R. Co.* v. *Marshall*, 89 *Ga. App.* 740, 743 (81 S. E. 2d 228). An illustration of such circumstances is a "misty and foggy morning." *Gay* v. *Smith*, 51 *Ga. App.* 615, 616 (181 S. E. 129). Except in clear and indisputable cases, whether particular circumstances require such action on the part of the railroad is a question for a jury's determination. *Central of Georgia Ry. Co.* v. *Mann*, 48 *Ga. App.* 668, 670 (7) (173 S. E. 180). A jury might also be authorized to find that the defendant was negligent in allowing the crossing sign to remain down. *Southern Ry. Co.* v. *Riley*, 57 *Ga. App.* 26, 27 (3) (194 S. E. 422). The petition did not show that the plaintiff was guilty of such negligence as would preclude a recovery. The fact alone that he was familiar with the crossing does not show such negligence. Especially is this true in the instant case, where it was alleged that the plaintiff was relying on the crossing sign to warn him of the close proximity of the crossing and, upon not seeing it, believed he was farther from the crossing than he actually was. One is not always required to drive so that he may stop within the range of his headlights. *McDowall Transport, Inc.,* v. *Gault*, 80 *Ga. App.* 445, 447 (56 S. E. 2d 161). As to the condition of the crossing being such as would throw the driver's headlight beams under the boxcars, see *Burnett* v. *L. & N. R. Co.*, 58 *Ga. App.* 64 (197 S. E. 663).

(b) The plaintiff in error argues on the general demurrer to the second count that the count alleged ownership of the railroad line in Georgia Railroad & Banking Company and that, before Savannah & Atlanta Railway could be held liable for the injuries complained of in relation to the sign and similar signaling equipment, the petition would have to show that Savannah & Atlanta Railway Company had some contract or agreement

which gave it dominion and control over the tracks and enough dominion and control to repair the sign that was down. The second count as amended alleged that "the Savannah & Atlanta Railway Company at the time was using and controlling the aforesaid line of railroad by virtue of a lease. . ." This allegation was sufficient to maintain the action against Savannah & Atlanta Railway Company for the negligence alleged. Code § 94-1102; *Central R. & Bkg. Co.* v. *Gamble,* 77 *Ga.* 584 (1a) (3 S. E. 287); *Central Railroad* v. *Logan & Co.,* 77 *Ga.* 804, 807 (2 S. E. 465).

2. The plaintiff in error contends that the court erred in charging the following: "There is no fixed rule which the law requires you to follow in estimating the amount of damages for pain and suffering, except that it is left to the enlightened conscience of an impartial jury. What the law expects, and is expected of a jury, is that you will exercise a conscientious sense of duty, enlightened by the facts in the case as you derive them from the evidence. That is what is meant by the 'enlightened conscience of the jury', but there is another qualification; the statute says, the enlightened conscience of an impartial jury. Therefore, the jury must decide the matter impartially. When you consider that question, if you believe that the defendant is liable, then exercising the intelligent conscience of an impartial jury, you will fix the amount of money to which the plaintiff, in your opinion, is entitled to recover from the defendant." The charge was erroneous and harmful. A husband cannot recover damages for the pain and suffering of his wife. That action is in the wife. The charge was not to the effect that the jury could take into consideration the wife's pain and suffering as an element of her disability to perform services for the husband; it authorized a finding for damages to the plaintiff because of his wife's pain and suffering, which is contrary to law.

3. The amended motion complains of the court's charge on the wife's loss of capacity to perform services for the plaintiff. In the charge the court referred to the wife's "decreased earning capacity," her "labor" and her earnings. It is contended that such charge authorized the jury to find that the husband could recover for the wife's decreased capacity to earn wages and salary, which he could not do without it appearing that the wife

had consented to the husband's right to her salary or wages. In his petition the plaintiff sought only the loss of his wife's services and the evidence was only as to that matter and did not contain any reference to wages and salary. Without going into the question as to whether the charge was error and harmful under the facts of this case, the charge was at least inappropriate and not a clear statement of the law, and on a retrial of the case the court should, in charge, clearly distinguish between a decrease in the capacity to perform services and a decrease in the capacity to earn salary and wages. See *Martin* v. *Gurley*, 74 *Ga. App.* 642, 644 (3) (40 S. E. 2d 787).

4. It is contended that the following charge was error: "The present worth of a given sum is arrived at by dividing a given sum by one dollar, plus the legal rate of interest, seven percent, for the given time." The plaintiff in error contends that the charge authorized the jury to find that the present worth of a sum due in the future is more than the sum to become due. We think that the charge is confusing, even though an identical charge was held to be harmless in *Standard Oil Co.* v. *Reagan*, 15 *Ga. App.* 571, 591 (5) (84 S. E. 69), and a similar charge was held not to be error in *Williams* v. *McCranie*, 27 *Ga. App.* 693, 694 (4) (109 S. E. 699). Clarity and propriety should require the court when charging the jury that they might follow the stated rule to charge the rule in such a manner that it will be applied correctly as stated in the above-cited cases. In *Standard Oil Co.* v. *Reagan*, supra, at page 592, the court gave the correct application of the rule as follows: "the gross amount should be divided by $1 plus 7 percent on $1 for the entire life expectancy of the deceased; or, in other words, that the gross value, which the jury might have found to be $30,640 (at $766 per annum for 40 years, had they fixed the expectancy at 40 years), should be divided by $1 principal, plus $2.80 interest on $1 at 7 percent for 40 years, or by a total of $3.80, which would have given a present cash value of only $8,063.15."

5. The plaintiff amended his petition by adding the following specification of negligence: "In operating said train as alleged in paragraph 15, as amended, without anything about the train which would serve to give notice to this plaintiff of the presence of same." Paragraph 15 as amended was as follows: "There was

nothing about the train which would serve to give notice to this plaintiff of the presence of same." The defendant demurred to the amendment as follows: "because the same is too general and does not put this defendant on notice of any acts of negligence which they are alleged to be guilty of." The demurrer was overruled. The gist of the allegations is that the defendant did nothing to warn the public and the plaintiff of the presence of the train on the crossing. This is a definite, precise allegation sufficient to allow the defendant to prepare its defense. "Nothing" is the absolute "absence of anything." To sustain the allegation, the plaintiff must prove that "nothing" was done to warn of the train's presence. In so alleging the plaintiff assumed quite a burden. If it appears from the evidence that any *one* thing was done to warn of the train's presence, the allegation is not sustained. The court did not err in overruling the demurrer.

6. Case number 35088, *Newsome* v. *Savannah & Atlanta Ry. Co.*, is an action by Mrs. G. G. Newsome, who was a passenger in her husband's automobile, for damages for personal injuries growing out of the collision. Her petition alleged substantially the same as did her husband's. The court sustained a general demurrer to the petition and dismissed the action. For the reasons stated in divisions 1 (a) and (b) of the opinion, the court erred in sustaining the general demurrer and in dismissing the action.

7. The defendant in error in case number 35098 moves for a dismissal of the writ of error on the ground that Central of Georgia Railway Company is an essential party and is not made a party in the bill of exceptions. Central of Georgia traversed the sheriff's entry of service and challenged the court's jurisdiction as to it. The court directed a verdict for Central of Georgia on the traverse, and the plaintiff is not excepting to that judgment. Such judgment let Central of Georgia out of the case, and the case stood as if it was never a party thereto. In view of these facts, Central of Georgia is not an essential party to this appeal and the motion to dismiss is denied. See *Hines* v. *McLellan,* 117 *Ga.* 845 (2) (45 S. E. 279); *Adams* v. *Georgia Ry. & Elec. Co.,* 142 *Ga.* 497 (1b) (83 S. E. 131); *Richter* v. *Macon Gas Co.,* 144 *Ga.* 650 (1) (87 S. E. 895).

In case number 35098, the court did not err in overruling the

general demurrers to counts one' and two of the petition and in overruling the special demurrer treated in division 5. The court erred in denying the amended motion for a new trial.

In case number 35088, the court erred in sustaining the general demurrer to the petition and in dismissing the action.

In case number 35098, the judgment overruling the general and special demurrers is affirmed. The judgment denying the amended motion for new trial is reversed. In case number 35088, the judgment is reversed.

*Quillian and Nichols, JJ., concur.*