ZORN, JR., trustee, *et al. vs.* LAMAR *et al.* *

| 71 | 85 |
| 91 | 43 |
| 71 | 85 |
| 113 | 930 |
| 71 | 85 |
| 119 | 908 |

1. After the judgment of the Supreme Court has been pronounced, and the remitter has been issued and transmitted to the court below, and there received, the jurisdiction of this court ceases, and a motion to alter the judgment pronounced cannot be entertained.

(*a.*) *Semble*, that before the remitter has been sent to the court below, but after the judgment dismissing a case has been made up and entered, a motion to reinstate may be made and allowed during the term, in providential cases, but not otherwise.

2. Where, in an action joint in its nature, a dismissal was granted by the court as to one of the defendants, this finally disposed of the joint case, and the plaintiff might bring the judgment of dismissal to this court in order to restore the joint action below, to which he was entitled. But where, after a dismissal as to one of two joint defendants by the court, counsel for plaintiff or complainant voluntarily dismissed as to the remaining defendant, and thus terminated the case, and rendered it impossible for this court to restore the first defendant to the joint case from which he was dismissed, the writ of error will be dismissed.

January 15, 1884.

Practice in Supreme Court. At September Term, 1883

Reported in the decision.

A. D. HAMMOND; W. A. HAWKINS; J. P. FORT; HILL & HARRIS; HARRISON & PEEPLES, for movants.

LANIER & ANDERSON; BACON & RUTHERFORD, for respondents.

JACKSON, Chief Justice.

The case of Zorn, Jr., trustee, *et al. vs.* Lamar *et al.* was dismissed during the present term, while the cases on the Macon Circuit were being heard, on the ground that the case had not been finally disposed of by the court below, except by the consent judgment of the court below in dismissing the bill as against Dewberry, it being there pend-

*See next case preceding.

ing, and complainant having no right to bring it here because of the dismissal as to Lamar, while it was pending against Dewberry below.

The attention of this court having been called to two cases which at first glance would seem to militate against the idea that the complainant could not bring a writ of error here on a judgment against Lamar alone, dismissing the case as to him, on our own action an order was taken calling on the counsel of Lamar to show cause why the case should not be reinstated.

They show for cause, first, that the remitter from this court certifying the dismissal of the case and the affirmance of the judgment below had been handed by the clerk of this court to counsel and filed in the office of the clerk of the superior court during term, and thus that this court had no further jurisdiction of the case ; and secondly, that the judgment of dismissal was right as pronounced, and hence the case should not be reinstated.

1. In respect to the first point, it is enough to say that the great current of authority from other states is to the effect that when the remitter leaves the appellate court and is received in the court below, the jurisdiction of this court ceases. 21 Am. Decisions, p. 118, and notes.

In this court, in the case of *Wilder vs. Lumpkin*, 4 *Ga.*, 208, the court, on the 21st page of the report, say : " The writ being dismissed in this case, on a subsequent day of the same term a motion was made to reinstate it, the security on the appeal having, under the rule of this court, consented to become a party. The motion was disallowed. The dismission of the writ is a judgment of affirmance. The case was called and heard in its order; the minutes of the court for the day were closed, and no reason is given for the motion but the plaintiff's misapprehension of the act of the last legislature. The motion comes too late. We cannot now open the judgment. Such a practice would introduce irregularity and confusion into the business of this court. If this motion be al-

lowed, then a precedent would be established by which, at any time during the term, all judgments rendered on defective pleadings might be opened."

In *Middlebrooks et al. vs. Middlebrooks et al.*, 57 *Ga.*, 193, a motion to reinstate was refused, though the counsel on the other side assented to its being reinstated, because, when he moved to dismiss, he was not cognizant of an agreement with the other side made by his associate, which would have changed the case and precluded him from making the motion.

On the other hand, in *Ex parte Bradley*, 63 *Ga.*, 566, a case was reinstated where, by providential cause, the counsel, who was also the sole party, was prevented from reaching the court when his case was called, and until the Eastern circuit, on which docket the case stood, was over, but during the same term of the court. It does not appear that the remitter had left this court at the time action was taken in either of the foregoing cases.

In the case at bar, the remitter had been filed in the court below, but in term and not in vacation, as allowed by our statute. Code, §4287. It would seem from our own decisions that in providential cases, a motion to reinstate made in term would be allowed; but in other cases *contra*, the remitter not having gone below. And as the current is so strong in other appellate courts against the jurisdiction after the remitter leaves this court, unless it is issued by mistake or fraud, it would seem that the better opinion is that this court, having finally disposed of the case, is precluded from further action thereon.

2. But pretermitting that point, and conceding that the case is *in fieri* during the entire term, and even after the remitter has been transmitted to the court below, and may be reinstated here on good grounds, we are quite clear that the judgment of dismissal made before is right, and for that reason the case should not be reinstated.

The cases in 53 *Ga.*, 443, and 63 *Ib.*, 67, are distinguishable from this at bar. There it was held that, as the action

Zorn, Jr., trustee, *et al.* *vs.* Lamar *et al.*

was joint, dismissal as to one defendant finally disposed of the joint case, and hence the plaintiff might bring that judgment of dismissal as to one here, in order to restore the joint action below to which he was entitled. And so in this case, had nothing more transpired below, the complainants might have brought the dismissal of the case as to Lamar here, probably, as the bill is necessarily joint, that is, both Lamar and Dewberry, being parties to the decree attacked, were necessarily joined in the bill; but something more did transpire below, and that is the consent judgment whereby the complainants themselves consented to the dismissal also as to Dewberry. Thereby a fatal blow was given to the joint action or bill, by consent; and thereby if the case were heard here as to Lamar, and the judgment reversed and the case sent-back, it would not be the joint case, but a case against Lamar alone, which could not be tried in the absence of Dewberry.

It has been intimated that Dewberry might be made a party again. Possibly he might. But the case must be adjudicated here as this record makes it, and without regard to possible action hereafter below. And inasmuch as the only thing that gave complainants the semblance of right to bring this writ of error here is the *nexus*, the ligament that tied Dewberry and Lamar together as Siamese twins in this suit, so that to kill one was to kill both; and inasmuch as Dewberry was slain by themselves, and the act of sending Lamar back would not reinvigorate the twin life, but tie him on to a corpse, this court will not do the vain act which could not restore the joint suit, but would turn it into a several suit, which could not stand a moment in the court below.

The motion to reinstate must be denied.