## COLLIER vs. THE GEORGIA RAILROAD.

76 611|
f107 758|

There is no duty or obligation on railroad companies in this state to fence in or place guards along their roads where there may be cuts or embankments, notwithstanding a public road may run parallel to such railroad.

(a.) Sections 706, 707 of the Code apply to road crossings, not to roads running parallel to railroads.

March 23, 1886.

Railroads. Roads and Bridges. Fences. Before Judge CLARKE. City Court of Atlanta. December Term, 1884.

On February 20, 1884, Emma F. Collier brought an action to recover damages from the Georgia Railroad, alleging, in brief, as follows: At a certain point in the city of Atlanta, a street or highway, located on the right-of-way of the defendant, runs alongside of it, and so near to a cut or excavation on the railroad as to render it an act of negligence not to fence it in or put guards along it. The plaintiff was driving upon this road, when her horse and buggy " ran into and was thrown from said street or highway down into" the cut, demolishing the buggy, injuring the horse and hurting the plaintiff. The injury was caused by the failure to erect guards or railings along the cut, and without fault or negligence on her part.

On demurrer, the case was dismissed, and the plaintiff excepted.

L. J. WINN; HARRISON & PEEPLES, for plaintiff in error.

HILLYER & BRO., for defendant.

BLANDFORD, Justice.

The question made by this record is, whether a railroad company is bound, under the law, to fence in or place guards around and along a cut or excavation through which its track runs, when there is a street or road running parallel with the railroad.

It is insisted by the eminent counsel who argued this case for plaintiff in error, that a railroad company owes this duty to the public, and they cite as authority to sustain this position, sections 706 and 707 of the Code. These sections are taken from the act of 1838, and when viewed, it will be seen that they refer alone to crossings, where the railroad crosses public or private ways, established pursuant to law. There they are required to build suitable bridges and make proper excavations or embankments according to the spirit of the road laws. The crossing includes the width of the land on both sides of the road allowed by

charter or appropriated by the company therefor, and for as many feet beyond each way as is necessary for a traveler to get on and off the crossings safely or conveniently.

We are quite clear that these sections do not apply to a case like the present, nor do we know of any law which imposes a duty or obligation on railroad companies of this state to fence in or place guards along their roads where there may be cuts or embankments, notwithstanding a public road may run parallel with such railroads.

So we think that the declaration of the plaintiff failed to make a case against the defendant, and the judgment of the court below sustaining a demurrer thereto must be affirmed.