### ELLIS *v.* ALMAND *et al.*

1. When, in the trial of an action against two or more persons, the plaintiff is nonsuited as to any number of the defendants less than the whole number of them, he may at once except and bring the case to the Supreme Court, in order that by a reversal of the judgment, if he be entitled thereto, he may have his action as brought reinstated and tried as a whole. Failure to so except within the time allowed by law for suing out a final bill of exceptions will place the plaintiff in the position of abandoning his joint action and electing to proceed only against the defendant or defendants not discharged by the judgment granting the partial nonsuit. The right to review such a judgment can not be preserved by excepting pendente lite.
2. The overruling of a defendant's demurrer based upon the ground that the plaintiff's cause of action is barred by the statute of limitations establishes in the latter's favor the legal conclusion that his cause of action is not so barred; and unless the action of the court in overruling the demurrer be in due time excepted to and set aside, that conclusion becomes final.

Submitted March 1,—Decided April 26, 1902.

Exceptions to auditor's report.    Before Judge Lumpkin.    DeKalb superior court.    May 15, 1901.

*Green & McKinney* and *Simmons & Pettigrew,* for plaintiff.
*W. W. Braswell* and *R. W. Milner,* for defendants.

LUMPKIN, P. J.    Before the transactions presently to be mentioned, A. J. Almand was the owner of certain realty in the town

of Lithonia. He entered into a contract with R. S. Ellis for the exchange of that realty for a farm in DeKalb county, belonging to Mrs. Otelia Ellis, who was the wife of R. S. Ellis. On the 28th day of April, 1890, she executed a deed conveying this farm to Almand at an expressed consideration of $1,750. He went into possession of the land and shortly thereafter sold the same in separate parcels to Benjamin M. Johnson and Millard Watson, each of whom took possession of the portion he had purchased. More than seven years after Almand went into possession under the deed from Mrs. Ellis, she instituted against him and Johnson an equitable proceeding whereby she sought to cancel her deed to Almand and recover the land occupied by Johnson, or, by way of alternative relief, to recover from Almand the money value of the land. She also at the same time filed a precisely similar action against Almand and Watson. The defendants in each of these actions interposed a demurrer, one ground of which was: "Plaintiff's cause of action, if any she ever had against these defendants, or either of them, is shown by said petition to be long since barred by lapse of time." The demurrer was in each case overruled, and to this no exception was taken. Subsequently the case of Mrs. Ellis against Almand and Johnson came on for a trial; and after the evidence for the plaintiff had been closed, the court granted a nonsuit as to Johnson. To this judgment Mrs. Ellis filed exceptions pendente lite. The trial proceeded, and she obtained a verdict against Almand. Being dissatisfied with the amount thereof, she moved for a new trial, and her motion was granted. After this had occurred, the two cases were consolidated and referred to an auditor. He dealt with the litigation as having been ended so far as Johnson was concerned, and filed a report setting forth his findings of law and fact, and recommending a judgment for a stated amount of money in favor of Mrs. Ellis against Almand. To this report exceptions were filed by both of these parties. In some of those filed by Mrs. Ellis she, for reasons stated, complained that the amount for which the auditor found Almand liable to her was too small. In one of his exceptions he presented the point that the auditor erred in not finding and reporting that Mrs. Ellis's cause of action was barred by the statute of limitations. His honor Judge Lumpkin, of the Atlanta circuit, before whom the trial below was had, sustained this exception and made the entire case

turn upon his ruling thereon.    He accordingly struck Mrs. Ellis's exceptions to the auditor's report as immaterial, and rendered a final judgment in favor of Almand.    Mrs. Ellis sued out a bill of exceptions in which she assigned error upon the judgment granting a nonsuit as to Johnson, to which she had excepted pendente lite.    She also excepted to the striking of her exceptions to the report of the auditor, and to the final judgment in favor of Almand. The auditor's conclusion that Mrs. Ellis was not barred by the statute of limitations from prosecuting her claim against Almand was based upon the opinion entertained by him that the ten years limitation applicable to suits against technical trustees was controlling upon the question of her right to sue within that period.    As her exceptions to the auditor's report have never in the trial court been passed upon otherwise than as stated above, we will deal with those exceptions no further than to rule that they ought not to have been stricken for the reason given, viz., that they were immaterial, but should have been disposed of on their merits.    This can and should be done at the new trial we order in the case.    We will now discuss the other questions presented by Mrs. Ellis's bill of exceptions.

1.  As has been shown, she therein assigns error upon the judgment complained of in her exceptions pendente lite, and thus seeks to make the point that error was committed in granting a nonsuit as to Johnson on the first trial of the action against Almand and Johnson, which occurred before the consolidation of the two cases took place.    In our opinion, Mrs. Ellis is clearly not entitled to invoke a decision of this court with respect to this question.    As will have been seen, she instituted an action against Almand and Johnson with alternative prayers for relief.    When the nonsuit as to Johnson was granted, her joint action (though not based upon a joint cause of action) was at an end, and she had a right to except immediately and bring here for review the judgment of nonsuit, in order that she might by a reversal of the same, if entitled thereto, reinstate her case as it stood when originally instituted.    See *Kollock* v. *Webb*, 113 *Ga.* 762, and cases cited.    In other words, the judgment of nonsuit was a final disposition of that case, viz., the case of Mrs. Ellis against the two defendants Almand and Johnson.    It follows of necessity that it was incumbent upon her, if she desired to have that judgment reviewed, to bring the case to this court by

a direct bill of exceptions sued out within the time prescribed by law for assigning error upon a final judgment. This she did not do, and the exceptions pendente lite which were filed in her behalf can count for nothing. Having failed to take the proper steps to preserve her joint suit, she must be treated as having elected to proceed against Almand alone, as it was unquestionably her right to do. See, in this connection, what was said in *Western Union Tel. Co.* v. *Griffith*, 111 *Ga.* 558–559, and the cases there cited. For the reasons just given we are not at liberty to pass upon the question whether or not the granting of a nonsuit as to Johnson was erroneous.

2. The only remaining question is whether or not his honor erred in rendering a final judgment against Mrs. Ellis upon the ground that her case, in so far as it related to Almand, was barred by the statute of limitations. We are quite clear that, in view of the facts disclosed by the record, this judgment affords her just cause of complaint. We without difficulty reach this conclusion irrespectively of the question whether or not, as matter of law, the bar of the statute had attached at the time she began the present litigation. As has been pointed out, Almand joined with his codefendants in demurring to the petitions filed by Mrs. Ellis, and the point was thus distinctly made that on the face of her petition her right to sue had been lost by lapse of time. The evidence for Mrs. Ellis established her case as laid. The demurrers were overruled, and by failure to except Almand acquiesced in a formal adjudication which conclusively established the right of Mrs. Ellis to maintain the actions which she had brought against him and his codefendants. The question whether she was or was not barred was therefore finally closed, as between herself and Almand, before the cases were consolidated and referred to an auditor, and it was too late for Almand to insist, either before the auditor or before the superior court upon the coming in of his report, that the suits instituted by her were not maintainable. The ruling of the auditor that Mrs. Ellis was not barred should accordingly have been allowed to stand, without reference to whether the reason he assigned therefor was or not in and of itself sufficient, the matter being res adjudicata.

*Judgment reversed, with direction. All the Justices concurring, except Lewis, J., absent.*