## WOOD v. STEVENS.

A woman brought suit against the owner of an automobile, and his chauffeur, to recover damages on account of the death of the plaintiff's son, alleged to have been caused by the negligent operation of the automobile. On the trial, at the close of the plaintiff's evidence, the court granted a nonsuit as to the owner of the automobile. When the order granting such nonsuit was signed, the plaintiff dismissed the suit as to the remaining defendant, "so as to bring to this court directly for review the judgment of nonsuit as to" the owner of the machine, alleging that, the plaintiff having dismissed the suit as to the chauffeur, the judgment of nonsuit as to the owner was a judgment which disposed of the case in the court below, and left nothing for a jury to try. *Held,* that while it has been ruled that the plaintiff had the right to except to the grant of a nonsuit as to one of the two defendants against both of whom she elected to bring her suit, and to seek, by reversal of the judgment of nonsuit, if erroneous, to have the case reinstated and proceed to verdict as to both defendants, yet when, after the grant of a nonsuit as to one of the defendants, she chose to dismiss the case as to the remaining defendant, and thus to destroy the power of the court to reinstate the case as a suit against both defendants by means of a reversal, if one should be had, so that a reversal would not reinstate the case as it existed when the error complained of was made, because of her voluntary action in rendering this impossible, on motion the writ of error must be dismissed.

JANUARY 12, 1916.

Action for damages; from Bibb superior court.

*Feagin & Hancock,* for plaintiff.

*Harris, Harris & Witman,* for defendant.

LUMPKIN, J. The suit was brought by a woman against the owner of an automobile and his chauffeur, to recover damages on account of the death of the plaintiff's son caused by the alleged negligent operation of the automobile. On the trial, at the close of the evidence, the court granted a nonsuit as to the owner of the automobile. It has been held that the plaintiff could except to this judgment and bring the case to the Supreme Court for review. The reason on which this ruling rests is that the plaintiff, whether obliged to do so or not, chose to sue two persons for damages on account of the same tort; that the court destroyed this action against the defendants jointly by his ruling in granting a nonsuit; and that, if this was erroneous, the court erroneously destroyed the plaintiff's case as she brought it, and she was entitled to have it reinstated by means of a reversal, and to proceed with the trial against both defendants. When, after the grant of a nonsuit as

to one of the defendants, she voluntarily dismissed the case as to the other defendant, she put it beyond the power of the Supreme Court to reinstate her action as an action against both defendants. She could not proceed to claim a reversal in this court on the ground that she was entitled to proceed against two defendants instead of against one, after having voluntarily rendered it impossible to proceed against two. The fact that she could have dismissed either of the defendants from the action at any time before or during the trial, and have proceeded against the other alone, does not affect the case. In that event the judgment of the court complained of would have been rendered upon the case as made by the plaintiff at the time when it was rendered, and she could have complained of a judgment in the case as she made it. But this is a different thing from proceeding against two defendants jointly until after the rendering of a judgment of nonsuit in favor of one of them, then voluntarily dismissing the case as to the other, thus putting out of court what was left of the case, and yet seeking by writ of error to obtain a reversal of the judgment of nonsuit, which could only be done on the theory that the judge had erroneously destroyed an action which the plaintiff had brought jointly and which she had a right to press jointly to a verdict, if the evidence so authorized. *McGaughey* v. *Latham,* 63 Ga. 67; *Zorn* v. *Lamar,* 71 Ga. 85; *Kollock* v. *Webb,* 113 Ga. 762 (39 S. E. 339); *Ellis* v. *Almand,* 115 Ga. 333 (41 S. E. 642). In *Zorn* v. *Lamar,* supra, the ruling was made in a case which was declared to be essentially a joint action; but in the later cases cited this is said not to be necessary, if the case was one in which a joint action could be brought and the plaintiff saw fit to so bring it, and the evidence made a prima facie case against both defendants.

*Writ of error dismissed. All the Justices concur, except Fish, C. J., absent.*