16109.  POOLE v. SOUTHERN RAILWAY COMPANY et al.

STEPHENS, J.  1. Where, in a suit against two defendants alleged to be joint tort-feasors, a special demurrer of one of them, upon the grounds of misjoinder of parties and of causes of action, is sustained "with leave to plaintiff to proceed against either defendant," and the plaintiff thereafter elects to proceed against the other defendant alone, and, after he has so elected, the case proceeds to trial and results in a nonsuit, he will, by so electing and proceeding to trial, be held to have abandoned the suit as against the first named defendant.  An assignment of error, in the bill of exceptions by the plaintiff, to the order of the judge sustaining the demurrer against the first-named defendant presents no question for determination.  Adams v. Georgia Ry. & Electric Co., 142 Ga. 497 (83 S. E. 131); Rome R. Co. v. Thompson, 101 Ga. 26, 32 (11) (28 S. E. 429); Morris v. Wofford, 114 Ga. 935 (41 S. E. 56); McMillan v. Rodgers, 32 Ga. App. 647 (124 S. E. 354).

2. The mere passage of a municipal ordinance laying out and establishing a street over the land and tracks of a railroad company is, in the absence of an actual laying out and establishing of such street or of a legally acquired right so to do, insufficient to establish a street over the land and tracks of the railroad company.  Brunswick & W. R. Co. v. Waycross, 94 Ga. 102 (21 S. E. 145); Collins v. Mayor, 77 Ga. 745; Georgia R. & Banking Co. v. Union Point, 119 Ga. 809, 816 (47 S. E. 183); Robins v. McGehee, 127 Ga. 431, 435 (56 S. E. 461); Atlanta & West Point R. Co. v. Atlanta, 156 Ga. 251 (119 S. E. 712).

3. The owner of land traversed by a public highway is under no duty to a traveler along the highway to maintain in a safe condition for travel the abutting premises at a point such a distance from the highway that it can not be reached by the ordinary deviations from the highway incident to careful traveling thereon, but can only be reached by a traveler who has, negligently and in a manner oblivious of his own safety, completely abandoned the highway and gone over onto the abutting premises.  Hutson v. King, 95 Ga. 271 (22 S. E. 615); Collier v. Georgia R. R., 76 Ga. 611; Zettler v. Atlanta, 66 Ga. 195; Western & Atlantic R. Co. v. Rogers, 104 Ga. 224 (3) (30 S. E. 804); King v. Central of Ga. Ry. Co., 107 Ga. 754 (33 S. E. 839).

4. Where such a highway is a street maintained by a municipality, the abutting landowner owes no duty to a traveler, by reason of the street being upon his own premises, to see that the municipality maintains the highway in a safe condition for travel.  Georgia Ry. & Electric Co. v. Tompkins, 138 Ga. 596 (2) (75 S. E. 664).

5. A demurrer by the Southern Railway Company to the second count of the plaintiff's petition was, under the rulings in paragraphs 3 and 4 above, properly sustained.

6. The case having proceeded to trial against the Southern Railway Company alone upon the first count of the petition, wherein it was alleged that the plaintiff was proceeding in the city of Toccoa along a public street which crossed the railroad-tracks of the defendant at a place where the tracks ran through a cut about twelve feet below the grade of the street, and that by reason of the railway company's failure to maintain a bridge in the street across its railroad-tracks, as required

by law, or to erect proper guards or barriers at such crossings, the plaintiff, who was travelling along the street at night, in the exercise of ordinary care and without observing the absence of any bridge or barricade, fell into the cut and was injured, and, although it appears from the evidence that the street had been laid out across the railroad by an ordinance of the city of Toccoa, it appears without dispute that the street had not in fact been established or in fact laid out up to the railroad cut, but stopped within about fifty feet of the cut and there intersected a street on the defendant's right of way and parallel to the railroad tracks, and where it further appears that the land between the terminus of the street and the railroad cut belonged to the defendant railway, and where it does not further appear from the evidence that any right in the city of Toccoa or in anyone else to construct a street over the defendant's property and the defendant's railroad-tracks had been acquired either by contract or condemnation proceedings, the evidence failed to authorize any recovery against the defendant railway company, and the court properly awarded a nonsuit.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 2, 1925.

Action for damages; from Stephens superior court—Judge J. B. Jones. October 29, 1924.

Application for certiorari was denied by the Supreme Court.

*H. H. Chandler, Winston Owens, G. L. Goode, George & John L. Westmoreland,* for plaintiff.

*Charters & Wheeler, J. K. Jordan, Bond & McClure, Fermor Barrett,* for defendants.