## 18382. VANDIVER *v.* GEORGIA RAILWAY AND POWER COMPANY *et al.*

DECIDED MARCH 27, 1928. REHEARING DENIED MAY 22, 1928.

*Sims, Berman & Parham,* for plaintiff.
*Colquitt & Conyers, Sidney Smith, Noah J. Stone,* for defendants.

JENKINS, P. J. This was a joint action against the Georgia Railway and Power Company and against L. H. Everett and his wife.

The judge granted a nonsuit as to the power company, and to this the plaintiff excepted. The power company moved to dismiss the writ of error, for the reason that after the nonsuit had been granted, the plaintiff elected to proceed with the trial against the other defendants singly, and prosecuted it to a conclusion, resulting in a mistrial. It supports the motion by the affidavit of its counsel setting up these facts. Counsel for the plaintiff in error, in an affidavit in resistance to the motion to dismiss, concedes that after the granting of a nonsuit in favor of the power company, the trial was prosecuted against the other defendants and resulted in a mistrial, but sets forth that upon the grant of the nonsuit in favor of the power company the plaintiff asked for a continuance, and that counsel for the power company thereupon advised the court that the proper procedure was to go on with the trial as to the other defendants, in order that a writ of error could lie upon a final adjudication. He sets forth in his affidavit that it was upon this advice that the motion for a continuance was overruled, and that he proceeded against the other defendants alone under protest.

1. When in the trial of an action against two or more persons the plaintiff is nonsuited as to any number of the defendants less than the whole number, he may thereupon except and bring the case to the appellate court in order that by a reversal of the judgment, if he be entitled thereto, he may have his action as brought reinstated and tried as a whole. After such a partial nonsuit has been granted, the joint action, unless reinstated, is at an end, and if the plaintiff acquiesces in such adverse judgment by electing to proceed against the other defendants alone, pending such adverse adjudication, he will be held to have thereby abandoned the suit as against the defendant in whose favor the nonsuit has been granted. *Ellis* v. *Almand,* 115 *Ga.* 333 (41 S. E. 642) ; *Poole* v. *Southern Railway Co.,* 34 *Ga. App.* 290 (129 S. E. 297) ; *McConnell* v. *Frank E. Block Co.,* 26 *Ga. App.* 550 (106 S. E. 617).

2. Where a motion to dismiss informs the appellate court of the existence of material parts of the record not specified in the bill of exceptions, it is incumbent upon this court to have the clerk of the trial court transmit to it copies of the same (*Atlanta Suburban Land Corp.* v. *Austin,* 122 *Ga.* 374, 376, 50 S. E. 124), unless the existence and legal effect of the omitted portions of the record are admitted in writing by the opposite party, in which case this

court can consider them as a part of the record without having them sent up. Civil Code (1910), § 6151. Counsel for the plaintiff in error having admitted that the record would show that after the granting of the nonsuit as to one of the defendants he proceeded under protest to prosecute the case against the remaining defendants, and that the trial proceeding against them alone resulted in a mistrial, the rule stated in the foregoing division of the decision must be given application. This is true even were it deemed permissible to consider the statement, dehors the record, of counsel for the plaintiff in error to the effect that counsel for the power company advised the court against granting the continuance prayed for by the plaintiff upon the grant of the nonsuit in its favor, and that the court was influenced thereby, since, whether the continuance was granted or not, the plaintiff could not proceed against the remaining defendants alone without electing to abandon his joint action against them all. His remedy, on refusal of the continuance, was to preserve the status of his suit as a joint action, by excepting to the contrary ruling, and he could not, even under protest, acquiesce in such adverse ruling, and himself elect to sever the action, and, after taking his chances in the trial of the case against the other defendants alone, complain of the order of nonsuit to which, by his conduct, he had assented.

Judgment affirmed. <i>Stephens and Bell, JJ., concur.</i>

On motion for rehearing.

The plaintiff filed a motion for a rehearing, basing her contentions largely upon the rulings in *Wood* v. *Stevens,* 144 *Ga.* 518 (87 S. E. 658), and *Ellis* v. *Almand,* supra. In the latter case it was held that the right to review a judgment granting a partial nonsuit can not be preserved by exceptions pendente lite, the remedy being to file direct exceptions, as the plaintiff did in the instant case. The ruling in the *Wood* case is to the effect that where an action is brought against joint defendants, and a nonsuit is granted as to one of them, the Supreme Court will not entertain a bill of exceptions to review such judgment if it appears that after the grant of the partial nonsuit the plaintiff voluntarily dismissed his suit against the other defendant upon the erroneous theory that it was necessary so to do in order to bring the case to the appellate court for immediate and direct review of the judgment of nonsuit. The ruling in the *Wood* case recognizes that while the plaintiff had

the right to except to the grant of a nonsuit as to one of the joint defendants, and to seek by a reversal of that judgment to have the joint action which had been thus terminated reinstated, yet such could not be done where it appeared that after the grant of the partial nonsuit the plaintiff chose to dismiss the case as to the other defendant, thus voluntarily destroying its joint character and the power of the court to reinstate the case as a suit against both defendants. We do not think that the authorities cited in the motion for a rehearing are out of harmony with the decision in this case, but, on the contrary, they indicate that the remedy of the plaintiff upon the adverse ruling granting the partial nonsuit was to preserve the status of her suit as a joint action by making, within the time prescribed by law, direct exceptions to the contrary ruling, without herself voluntarily destroying the joint nature of the action either by dismissing it as against the remaining defendants or by acquiescing in the adverse ruling of partial nonsuit. Her remedy to preserve her joint action was to except, but she could not except and either acquiesce in the court's severance or, by her own act in dismissing as against the other defendants, destroy the joint nature of the action. The plaintiff can not ask the appellate court to restore the joint status of the action, because, by going to trial against one of the defendants, she has acquiesced in the court's order of severance; in the *Wood* case the plaintiff could not ask that the joint nature of her action be restored, because she herself had terminated it by voluntarily dismissing her suit against the remaining defendant. If, upon the refusal of the court to grant a continuance, and a refusal by the plaintiff to proceed singly against the remaining defendant, the court had dismissed the suit as against the remaining defendant, the plaintiff could have excepted not only to the original order of nonsuit, but to the refusal of the court to grant a continuance and to the dismissal of the action against the remaining defendant. *Rehearing denied.*