422

DECIDED JUNE 9, 1931.

*Terrell & Terrell, R. A. McGraw,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Troutman & Troutman J. F. Hatchett,* for defendant.

BROYLES, C. J. The hereinafter-stated facts appear from the bill of exceptions and the record in this case, from the bill of exceptions and the record in the companion case of *Chunn* v. *McRae,* ante, 417, and from the statements of fact in the motion to dismiss the writ of error in this case (which statements were virtually admitted to be true by counsel for all parties, in the oral argument before this court on said motion to dismiss).

The plaintiff in error McRae sued the Gulf Refining Company and J. W. Chunn Jr. jointly, for damage alleged to have been caused by the negligence of Chunn while acting as agent of the Gulf Refining Company. At the conclusion of the evidence and before the argument began the judge announced that he would direct a verdict for the refining company, and ordered that the case against Chunn proceed before the jury. To this ruling counsel for McRae failed to make any objections at the time, and proceeded to argue to the court and jury the case of McRae *v.* Chunn only, and a verdict for $1200 was returned in favor of the plaintiff against Chunn, with a finding in favor of the Gulf Refining Company. In due time Chunn filed a motion for a new trial, which McRae resisted, and the court denied the motion. McRae made a motion for a new trial in the instant case (*McRae* v. *Gulf Refining Co. et al.*), in

which he assigned as error the direction of a verdict in favor of the Gulf Refining Company. Under the above-stated facts the motion of the defendant in error to dismiss the bill of exceptions must be granted.

The action was a joint one against the Gulf Refining Company and Chunn, and was based upon the negligence of Chunn alone while acting as the agent of the refining cmpany. When the court announced that it would direct a verdict in favor of one of the defendants and directed the case to proceed against the remaining defendant, and when counsel for the plaintiff acquiesced in that ruling by failing to make any objection and by electing to go before the jury and argue the case against the remaining defendant, the action had ceased to be a joint one, and the plaintiff had in effect abandoned his suit against the Gulf Refining Company.

Furthermore, the plaintiff again elected to acquiesce in the court's ruling when he resisted Chunn's motion for a new trial. See, in this connection, *Vandiver .*v. *Ga. Ry. & Power Co.*, 38 *Ga. App.* 59 (143 S. E. 455) ; *Poole* v. *Southern Ry. Co.*, 34 *Ga. App.* 290 (129 S. E. 297) ; *Wood* v. *Stevens*, 144 *Ga.* 518 (87 S. E. 658).

*Writ of error dismissed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*