21474. CHAPMAN v. PAN-AMERICAN OIL COMPANY *et al.*

JENKINS, P. J. 1. Where a suit is instituted against two joint defendants, and a general and special demurrer of one of them is sustained, and the plaintiff proceeds to trial against the other defendant alone, he must be held to have acquiesced in the adverse ruling on demurrer, by electing to proceed against the remaining defendant, and to have abandoned the joint action; and he can not, after thus electing to proceed against the remaining defendant, complain of the judgment on demurrer dismissing the action as to the defendant interposing the demurrer. *Ellis* v. *Almand*, 115 *Ga.* 333 (41 S. E. 642); *Poole* v. *Southern Ry. Co.*, 34 *Ga. App.* 290 (129 S. E. 297); *Vandiver* v. *Ga. Ry. & Power Co.*, 38 *Ga. App.* 59 (143 S. E. 455).

2. "In all cases where the damages are not liquidated and a judgment by default is rendered, the plaintiff shall be required to introduce evidence and establish the amount of damages. The defendant may contest the amount of such damages before the jury, with a right to move for a new trial in respect to such damages, and except as in other cases." Civil Code (1910), § 5657. Thus, on the trial of a suit for unliquidated

damages, in which the defendant is in default, the effect of the default is the same as if every item and paragraph of the petition had been proved by testimony and judgment had been rendered thereon, save only as to the amount of the unliquidated damages claimed; and while the defendant has the right to contest this, in doing so he is not privileged to deny or dispute any of the material facts so adjudicated against him. *Whittier Mills Co.* v. *Jenkins,* 23 *Ga. App.* 328 (4) (98 S. E. 236), and cit.

3. Under the foregoing rulings of law, it was not necessary for the plaintiff to prove, as against the defendant Riley who was in default, any of the allegations of fact set forth in his petition, other than to establish the amount of any unliquidated damages claimed thereunder. Inasmuch as the petition showed that after the plaintiff had rented from the defendant Riley a certain filling station at a stated rental per month, and after plaintiff, with the knowledge of the defendant Riley, had made a contract with the oil company by which the oil company was to pay plaintiff $10 per month for the front portion of the filling station, that the defendant Riley, in violation of his previous contract with the plaintiff, made a contract with the said oil company by which the defendant Riley, rather than the plaintiff, was to receive the $10 per month mentioned, it appears, despite the uncertainty of the testimony relative to the alleged unliquidated damages, that the plaintiff proved his case by the admitted pleadings to the extent of the $10 per month mentioned, and that consequently the court erred in granting a nonsuit in favor of the defendant Riley. As to the defendant oil company, which was not in default, this court can not disturb the judgment sustaining its demurrer and dismissing the suit as to it, for the reasons set forth in the first division of this syllabus.

*Judgment affirmed in part, and reversed in part. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 18, 1932.

*H. B. Moss,* for plaintiff.
*Dorsey & Shelton, L. S. James, C. M. James,* for defendants.