STATE REVENUE COMMISSION *et al. v.* BRADLEY CO. *et al.*

No. 9589.   JANUARY 16, 1934.

M. J. Yeomans, *attorney-general, John I. Kelley, W. K. Meadow, B. D. Murphy,* and *John A. Smith,* for plaintiffs in error.

*Slade, Swift, Pease & Davidson,* contra.

BELL, J.   The Court of Appeals certified several questions in this case, one of which was as follows:  "'Does section 10 of the sales-tax act (Ga. L. 1929, p. 108) exempt baled cotton from the operation of the act only so long as it is in the producer's hands in its original package, or does it also exempt such cotton in the purchaser's hands, so long as it is in its original package or state?'" We are of the opinion that the proper answer to this question is that the cotton is not only exempt so long as it is in the producer's hands in its original package, but that it is also exempt while in the hands of a purchaser, "so long as it is in its original package or state;" and it appearing from an examination of all of the questions that instructions to this effect will render answer to other questions unnecessary, our decision will be limited accordingly.

The question quoted above involves a construction of the provision of the sales or gross-receipts tax act of August 29, 1929, exempting from its operation "labor, agricultural and horticultural societies, and products of farm, including live stock, grove or garden, when sold directly by the producer or his authorized agent and so long as said farm products are handled and/or sold in their original packages, and/or in original state or condition of or preparation for sale." Ga. L. 1929, pp. 103, 108, § 10.   In the interpretation of an act of the General Assembly, all the language used must be taken into consideration and none of it should be disregarded unless it be wholly without meaning or would lead to an

absurd and unreasonable consequence. It is true that one who claims an exemption from taxation has the burden of showing that he comes within the exception, and that provisions as to exemptions are usually construed more strictly against the taxpayer; but the paramount rule is to look diligently for the intention of the law-making body, and to this end the ordinary signification shall be applied to all words except words of art or such as are connected with a particular trade or subject-matter. If we should omit or wholly disregard the word "and" which appears immediately before the phrase "so long as," it would seem that the product would be exempt only so long as it remained in the hands of the producer in the original package or in the original state or condition. But it can not be said that the word was used carelessly or inadvisedly in this statute. On the contrary, it appears to have been purposely used in its ordinary signification as a term of extension,—not, however, as adding conditions upon which the exemption will inure to the producer, but as enlarging the exemption to include sales by others on conditions specified. We conclude that a farm product such as cotton is not only exempt from the taxing statute when sold "directly by the producer or his authorized agent," but that the exemption will be operative so long as such product is handled or sold by any one in its original package, or in its original state or condition. It is an advantage to the producer to have his product exempt from taxation not only as to sales made by himself, but also as to sales by others after he has disposed of it. One may be willing to pay a better price for a product when he is permitted to re-sell it without himself becoming liable for a tax on the resale. We think it plain that the legislature intended to confer this additional benefit upon the producer; and so we construe the act as making the product exempt even "in the purchaser's hands, so long as it is in its original package or state."

We have undertaken to answer the question propounded by the Court of Appeals with particular reference to the language employed in the question; and nothing said in this opinion is intended to decide whether the product must remain in its original package or state in order to be exempt as to sales by the producer or his authorized agent.

*Answer in affirmative. Russell, C. J., Beck, P. J., and Atkinson and Gilbert, JJ., concur.*