## HODGES v. SEABOARD LOAN AND SAVINGS ASSOCIATION INCORPORATED.

No. 12818. June 19, 1939.

*G. Seals Aiken,* for plaintiff.

*John M. Slaton* and *James J. Slaton,* for defendant.

Bell, Justice. The Court of Appeals certified five questions in this case, all relating to the general question whether the writ of error was subject to dismissal under the facts indicated in the questions. The fourth and fifth questions were as follows:

"4. Where suit is brought against two defendants as joint tortfeasors, and on the trial, after all the evidence has been introduced, the court on motion of one of the defendants directs a verdict for this defendant, and the case proceeds to trial and results in a verdict in favor of the defendant for whom the court directed a verdict, and in favor of the plaintiff against the other defendant in a named sum, and a motion for new trial is afterwards made by the defendant against whom the verdict was rendered, which motion is approved by the court, and the motion and rule nisi are duly served upon the plaintiff, does the plaintiff abandon his suit against the defendant in whose favor the verdict is directed, and thereby elect to proceed only against the other defendant? Where the plaintiff, afterwards in due time, tenders and has certified a bill of exceptions wherein he excepts only to the direction of a verdict in favor of only one defendant, must the bill of exceptions in the Court of Appeals be dismissed, on motion of the defendant in error, on the ground that the plaintiff, by virtue of his conduct, abandoned his suit against the defendant in whose favor the verdict was directed, and elected to proceed only against the other defendant? See *McRae* v. *Gulf Refining Co.,* 43 *Ga. App.* 422.

"5. Is an assignment of error upon the direction of a verdict sufficient, which excepts to the direction of the verdict upon the ground only that the ruling of the court in directing the verdict is 'error as being contrary to law, contrary to the evidence, and contrary to the State and Federal constitutions'?

" *(a)* Is this assignment of error sufficient as an assignment of error on the ground that the direction of a verdict was error because the evidence presented an issue of fact for determination by a jury ?

" *(b)* Is this assignment of error sufficient as an assignment of error on the ground that the direction of a verdict was error because the verdict directed was unauthorized under the law and the evidence and was without evidence to support it, and that a contrary verdict was as a matter of law under the evidence demanded ?"

1. The fourth question is answered in the affirmative. *Rome Railroad Co.* v. *Thompson,* 101 *Ga.* 26 (28 S. E. 429); *Ellis* v. *Almand,* 115 *Ga.* 333 (41 S. E. 642); *Adams* v. *Georgia Railway & Electric Co.,* 142 *Ga.* 497 (83 S. E. 131); *Wood* v. *Stevens,* 144 *Ga.* 518 (87 S. E. 658); *Poole* v. *Southern Railway Co.,* 34 *Ga. App.* 290 (129 S. E. 297); *Vandiver* v. *Georgia Railway & Power Co.,* 38 *Ga. App.* 59 (143 S. E. 455); *Atlanta Terminal Co.* v. *Alexander,* 38 *Ga. App.* 280 (143 S. E. 905); *McRae* v. *Gulf Refining Co.,* 43 *Ga. App.* 422 (159 S. E. 133); *Chapman* v. *Pan-American Oil Co.,* 44 *Ga. App.* 602 (162 S. E. 407). These decisions by the courts of this State cover the question in principle, and we answer the question accordingly; although some of the decisions by courts of other jurisdictions which have been cited by counsel for the plaintiff may be contrary.

The procedure by which a plaintiff in such case may avoid the implication of abandonment will depend to some extent on whether only the *action* was joint, or whether the alleged *cause* of action also was joint. *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (198 S. E. 59); *Smith* v. *Atlanta Enterprises Inc.,* 46 *Ga. App.* 760 (169 S. E. 243).

2. The fifth question and subdivisions *(a)* and *(b)* thereof are answered in the negative. Even if subdivision *(b)* might be otherwise sufficient to raise the question whether the verdict as directed was *authorized,* this question could be raised only by motion for new trial. *Hamilton National Bank* v. *Robertson,* 177 *Ga.* 734 (171 S. E. 293); *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861 (193 S. E. 770); *Mullis* v. *McCook,* 185 *Ga.* 171, 172 (194 S. E. 171). From an examination of all the questions certified, the answers given to the foregoing appear to be controlling, and to render answers to other questions unnecessary. Compare *State*

*Revenue Commission* v. *Bradley Co.,* 178 *Ga.* 215 (172 S. E. 558).

The motion of the defendant to have certified and sent up designated portions of the record for consideration in answering the questions certified is declined. The entire record is already before this court. Code, § 24-4529. In answering any question, however, this court will confine itself to the precise point involved in the question propounded. *Georgian Co.* v. *Jones,* 154 *Ga.* 762 (115 S. E. 490) ; *Central of Georgia Railway Co.* v. *Evans,* 172 *Ga.* 53 (157 S. E. 313).                          *All the Justices concur.*