39023. ATLANTIC COAST LINE RAILROAD COMPANY *et al.* v. PARKER.

Decided September 28, 1961—Rehearing denied October 19, 1961.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* for plaintiffs in error.

*Lanier, Powell & Cooper, Clarence L. Powell,* contra.

TOWNSEND, Presiding Judge. It is obvious from the allegations of the petition that the spot where the iron spikes were placed was on property belonging to the defendants, and it is also obvious that this spot was not on the roadway in question but was on a theoretical projection or prolongation of said roadway. Since it is not alleged that the spikes were immediately at the end of the street it may fairly be assumed against the pleader that they were set back at some distance from the end of the street, and, since it is not alleged that they were embedded

in asphalt or any other substance which in any way resembled the road itself it may also be assumed that the right of way at the place where the signal post and rails were erected was not paved surface, although it is specifically alleged that Kissingbower Road was paved. It therefore appears that the obstruction was not on a street or roadway, but was beyond the end of the paved street extension on the railroad's property, a place where such a railroad signal post would normally and non-negligently be placed. The obstacle accordingly cannot be treated as an obstacle placed in a street, but as one placed on the premises of the owner, as to which the plaintiff was unfortunately an unwitting trespasser. One who owns or controls property owes no duty to a trespasser except not to wilfully or recklessly injure him. *A. C. L. R. Co. v. O'Neal*, 180 Ga. 153 (178 SE 451). "The owner of land traversed by a public highway is under no duty to a traveler along the highway to maintain in a safe condition for travel the abutting premises at a point such a distance from the highway that it can not be reached by the ordinary deviations from the highway incident to careful traveling thereon, but can only be reached by a traveler who has, negligently and in a manner oblivious of his own safety, completely abandoned the highway and gone over onto the abutting premises." *Poole v. Southern Ry. Co.*, 34 Ga. App. 290 (3) (129 SE 297). The *Poole* case closely resembles this case except that there it appeared that approximately 50 feet separated the end of the highway from the railroad's obstruction on its right of way; here the distance is not shown, but, again construing the petition against the pleader, this fact must militate against rather than in favor of the plaintiff's right of action. Since it affirmatively appears from the petition that the obstruction was not located on the roadway but at some undisclosed point on the railroad right of way on a spot where the road would merely have been projected, but where it did not exist, it was error to overrule the general demurrer to the petition. Since the petition failed to set out a cause of action, and the deficiency was not supplied by evidence during the course of the trial, it was error to overrule the motion for judgment notwithstanding the verdict as well as the general demurrer to the petition.

*Judgment reversed. Frankum and Jordan, JJ., concur.*