## 39583. ALLEN v. ARTHURS et al.

RUSSELL, Judge. 1. "A conclusion in a pleading is not subject to special demurrer if the inference stated therein may be legitimately drawn from the special facts pleaded or from exhibits attached to and made a part of the pleadings." *Saliba v. Saliba*, 202 Ga. 279 (9) (42 SE2d 748). It follows that a special demurrer to a paragraph of the answer stating that "an automobile ran into the rear end of the automobile being operated by the defendant, with sufficient force to knock her car into the rear end of the car being operated by petitioner" is not a conclusion because it fails to identify the following automobile or its driver, where the petition elsewhere alleged that the driver of such automobile immediately left the scene of the collision and defendant is unable to identify him. Insofar as the demurrer calls for information as to the amount of damage done the defendant's automobile, it is a speaking demurrer, since the answer does not allege that any damage at all was inflicted on the defendant's car when it was hit from the rear by the unidentified motorist.

2. The pleading above referred to was supported by the testimony of the defendant operator of the automobile which hit the rear of the plaintiff's automobile while the latter was waiting in a line of traffic at an intersection for the traffic light to change in his favor, her testimony being to the effect that the automobile she was driving was also stopped in the line of traffic waiting for the light to change, that she had her foot on the brake pedal, and that an unidentified automobile immediately behind her hit the rear of her car with sufficient force to push it against the rear of the plaintiff's vehicle. Under this state of facts, the defendant would not have been negligent in any manner alleged in the petition. It follows that the general grounds of the motion for new trial are without merit.

3. An action brought against defendants jointly on the theory that one, as principal, is liable for the tortious acts of another in driving the vehicle, is a joint action but not a joint cause of action. *Edwards v. Gulf Oil Corp.*, 69 Ga. App. 140 (1) (24 SE2d 843). The rule is that where the cause of action is joint a judgment of the court eliminating one defendant cannot be appealed until after a final determination of the case as to all defendants, but where only the action, and not the cause of action, is joint, the continued prosecution of the suit against the remaining defendant after elimination of one or more from the case constitutes an election to prosecute the action severally, and an abandonment of the joint action. *Veal v. Beall*, 189 Ga. 31 (5 SE2d 5); *Glore v. Thompson*, 64 Ga. App. 491 (13 SE2d 717). Thus, where, after the direction of a verdict in favor of one defendant, the plaintiff proceeds with the case without protesting and moving for a continuance as to the codefendant (in which connection see *Vandiver v. Georgia R. &c. Co.*, 38 Ga. App. 59, 143 SE 455), and suffers judgment to be entered up based on a jury verdict as to the remaining party or parties, this constitutes an abandonment of the action as to the defendant in whose favor the verdict was directed, so that the plaintiff will not be heard thereafter to complain of the direction of the verdict either by direct bill of exceptions or as a ground of a motion for new trial. *Hodges v. Seaboard Loan &c. Assn.*, 188 Ga. 410 (3 SE2d 677); *McRae v. Gulf Refining Co.*, 43 Ga. App. 422 (159 SE 133). Ground 1 of the amended motion for new trial presents no question for decision.

4. Grounds of a motion for new trial complaining of the erroneous admission or rejection of evidence should state the name of the witness whose testimony was objected to (*Bean v. State*, 29 Ga. App. 260 (2), 114 SE 915; *Peeples & Shepherd v. Butler*, 21 Ga. App. 310, 94 SE 278); should show what objection was made at the time the evidence was offered (*Clare v. Drexler*, 152 Ga. 419 (5), 110 SE 176; *Hardy v. Hardy*, 149 Ga. 371 (3), 100 SE 101); should show that the opposite party offered the evidence (*City of Lagrange v. Cotter*, 29 Ga. App. 577, 116 SE 204); should show how it was harmful to the movant (*Hunter v. State*, 148 Ga. 566 (2), 97 SE 523); and should set out the testimony objected to literally or in substance (*Clare v. Drexler*, supra), or at least refer to the record by page number in such way that it may be identified. Objections merely on the ground that certain unidentified evidence is "irrelevant, immaterial and prejudicial" are too uncertain for consideration. *Reed v. White*, 207 Ga. 623 (8) (63 SE2d 597). Under these rules none of the remaining special grounds of the motion for new trial are in proper form for consideration.

The trial court did not err in overruling the special demurrer to the answer and thereafter overruling the motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED OCTOBER 2, 1962.

*Franklin B. Anderson, Barbara Bird,* for plaintiff in error.
*B. Hugh Burgess, Sarah Frances McDonald,* contra.