## 50679. SNELL v. McCOY.

EVANS, Judge.

On November 9, 1974, Willard James McCoy was an occupant in a motor vehicle driven by Truman Chadwick in the City of Canton on Ga. Highway 5. Police officers of Canton pursued and tried to stop the vehicle by the use of siren and warning lights. Instead of stopping, Chadwick proceeded at an excessive rate of speed and in a reckless and dangerous manner and apparently attempted to outrun the police car. The police officers pursued and finally stopped the car by shooting its tires.

Chadwick, the driver, was charged with fleeing or attempting to elude a police officer as defined in Code Ann. § 68A-904. He was not charged with racing or otherwise engaging in a contest of speed, as is provided for in Code Ann. § 68-1626 (e).

McCoy, the occupant, was charged with being a passenger in a motor vehicle which was engaged in a race or contest of speed as defined in Code Ann. § 68-1626 (f). He was found guilty in the Canton Recorder's Court and fined $250. He filed his petition for writ of certiorari to the Superior Court of Cherokee County. The recorder answered, and the superior court sustained the petition for certiorari, and ordered the judgment of the recorder's court reversed. The recorder appeals. *Held:*

1. First of all, it should be noted that the *driver of the car, Chadwick,* was not charged with the same offense as was McCoy, the appellee herein. Chadwick was charged with fleeing or attempting to elude a police officer under Code Ann. § 68A-904, whereas McCoy was charged with being a passenger or occupant of a motor vehicle engaged in a contest of speed, or a race, under Code Ann. § 68-1626 (f). It is obvious that if McCoy was guilty of being an occupant of a vehicle engaged in a speed contest, so was the driver, Chadwick. But the thrust of the case is not on the question of the driver and occupant being charged with separate offenses.

2. It is not contended that McCoy, appellee, owned the car; or that he had rented it; or that he had any control whatever over the driver; or that he directed the driver to engage in a speed contest; or to seek to elude the

policemen; or that there was a conspiracy between Chadwick and McCoy as to any of these matters. There is no question that McCoy had aroused the ire and animosity of the policemen, as the recorder answers the writ of certiorari by asserting that McCoy *waved* at the police officers as the policemen pursued the car. This is not sufficient to show a common design between McCoy and Chadwick. It is not alleged that McCoy thumbed his nose at the policemen or made any contemptuous gestures towards them, or that he did anything more than to wave, which we may assume was done politely. It may have been that McCoy wished the policemen to catch up with the car he was in and stop it, and did not wish the policemen to lose the car in the heavy traffic through which both cars were traveling at the time. The recorder allows his over-zealous attempt to fix blame on McCoy by his assertion in his answer: "The *parties* at this time were blowing *their* horn and waving at people."

In the absence of some explanation that this automobile was equipped with *two horns,* one for the *driver* and one for the *occupant,* we must assume this to be an over-enthusiastic statement, and that the recorder actually meant the *driver* (and not the occupant) engaged in this conduct. Further, as there is no suggestion that the people to whom the driver waved were unknown to the driver, we may assume they were acquaintances and friends, and that as many people do, through politeness and a desire to show friendliness, he waved at these friends when he saw them. There is nothing whatever wrong in such conduct. But if so, *it was the conduct of the driver, Chadwick, and not of the occupant, McCoy.*

3. The evidence seems to have made out a good case against Chadwick, the driver, both for attempting to elude the police, and for engaging in a racing contest (which, however, was not charged against Chadwick), but a different situation exists as to McCoy. It is the position and contention of the recorder and his counsel that under Code Ann. § 68-1626 (f) any person who is so unfortunate as to *occupy* an automobile that is engaged in a racing contest with another car can be convicted just as if he were the *driver.* If a literal construction should be given to Code Ann. § 68-1626 (f), they might have some justification for

such position and contention. The statute reads as follows: "It shall be unlawful for any person, except an officer in the performance of his duty, to be a passenger or occupant in a motor vehicle, motorcycle, motor-driven cycle, or other vehicle upon the public highways, roads and streets of this State that is engaged in a race or contest of speed with any other motor vehicle, motorcycle, motor-driven cycle or other vehicle, or while the speed of such motor vehicle, motorcycle, motor-driven cycle or vehicle is being tested upon the public highways, roads or streets of this State with any timing device or any other device used to test the speed of such vehicles."

4. To construe the statute as counsel for the recorder suggests would mean that one who is kidnapped would be guilty because of being an occupant of the car, while his kidnapper raced away in trying to make good his escape. A desperately sick patient in a hospital ambulance would likewise be guilty as the driver sped towards the hospital, passing other automobiles, in an effort to save the life of the patient. An unconscious victim of an automobile wreck, lying on the side of the road, when picked up by a good Samaritan who hurried (raced) towards the hospital in order to save the life of the victim, would likewise be guilty. Such ridiculous instances could be multiplied, but enough! Suffice to say that implicit in the statute (Code Ann. § 68-1626 (f)) is the requirement that it be construed in pari materia with other criminal statutes, and that one can never be convicted of crime unless he acts with *intention, or criminal negligence.* See former Code § 26-201, and from our new revised criminal code which became effective on July 1, 1969, Code § 26-601, as follows: "A crime is a violation of a statute of this State in which there shall be a union of joint operation of act, or omission to act, and intention, or criminal negligence."

5. Further, Code § 26-801 (b) is as follows: "A person is concerned in the commission of a crime only if he: (1) directly commits the crime; or (2) intentionally causes some other person to commit the crime under such circumstances that the other person is not guilty of any crime either in fact or because of legal incapacity; or (3) intentionally aids or abets in the commission of the crime; or (4) intentionally advises, encourages, hires, counsels,

or procures another to commit the crime." And this leaves no doubt as to the requirement that the state must prove positive wrongful acts against the occupant. It may not rest its case simply on proof that he was an *occupant.*

6.  Finally, the law has very wisely provided, as held by this court and the Supreme Court times without number, that penal statutes, in case of doubt, must be construed most strongly in favor of the citizen and against the state. *Pacolet Mfg. Co. v. Weiss,* 185 Ga. 287, 295 (194 SE 568); *Polk v. Thomason,* 130 Ga. 542, 544 (61 SE 123); *Southern Cotton Oil Co. v. Raines,* 171 Ga. 154, 158 (5a, b) (155 SE 484).

7.  In the case now under consideration, absolutely no act of any character was proven against McCoy, the occupant, which showed he entered into or had any responsibility whatever for the conduct of the driver; his conviction by the recorder was unauthorized, and the judgment of the superior court in reversing the recorder's judgment is affirmed.

*Judgment affirmed. Pannell, P. J., Quillian, Webb and Marshall, JJ., concur. Deen, P. J., and Clark, J., concur specially. Bell, C. J., and Stolz, J., dissent.*

SUBMITTED APRIL 30, 1975 — DECIDED SEPTEMBER 26, 1975.

*Barry W. Bishop,* for appellant.
*William G. Hasty, Jr.,* for appellee.

DEEN, Presiding Judge, concurring specially.

Code Ann. § 68-1626 (f) makes it unlawful "for any person. . . to be a passenger or occupant in a motor vehicle . . . engaged in a race or contest of speed with any other motor vehicle." Penal statutes are to be strictly construed. There can be no crime without intent. This particular section would, if taken in a broad literal meaning, be either unconstitutional or void for vagueness.

But statutes are to be given a meaning which will uphold them where possible. A reasonable interpretation of this statute would be that the words "race or contest of speed" mean a consensual agreement between the drivers of separate automobiles to determine which car will win a

race, and to give the word "occupant" the meaning of one in the car with the driver for this purpose.

Given such construction, an attempt to elude the police is not primarily a contest of speed but a method of escape. There being no consensual agreement between drivers, there can be no evidence upon which to hang a conclusion that the occupant was in the car for the illegal purpose of racing. In particular, even if the driver was guilty of "racing" there is no evidence of any consensus between the driver and this passenger defendant to race. I would affirm.

I am authorized to state that Judge Clark concurs in this special concurrence.

STOLZ, Judge, dissenting.

I disagree with the majority. The issue before this court is *not* the offense charged against the *driver* of the car, but *the offense charged against the passenger*. The effect of the majority opinion is to hold that, if the driver is not charged under Code Ann. § 68-1626 (f), the passenger cannot be so charged. In the case before us, the officers elected to charge the driver with violating Code Ann. § 68A-904 (fleeing or attempting to elude a police officer) and the passenger under Code Ann. § 68-1626 (f) (engaging in a contest of race or speed). The two offenses are not exclusive of each other. We have no transcript of the proceedings in the recorder's court and can only rely on the statements contained in the pleadings before the superior court on certiorari. In the absence of a transcript, we must assume that the recorder's findings of fact were authorized by the evidence. However, if we can accept the facts set out in the petition for certiorari filed in the superior court and the answer thereto, we are still obliged to find that the appellee was a passenger in a vehicle engaged in a contest of race or speed. Such a contest is not dependent upon two motor vehicles commencing at a starting line or finishing at a designated point. The statute is violated when a contest takes place involving motor vehicles. It matters not whether the contest involves one vehicle attempting "to lose" or escape the other or two vehicles racing for a specified distance over a specified course. I would reverse the superior court and

affirm the judgment of the Recorder's Court of the City of Canton.

I am authorized to state that Chief Judge Bell joins me in this dissent.