### 69124. JAMES v. ALLEN et al.
(327 SE2d 501)

Birdsong, Presiding Judge.

This is an appeal by Melba James, widow of Marvin David James, who was killed when his vehicle collided with appellee Allen's vehicle while Allen was passing appellee Folendore's truck. At trial upon application of the doctrine of respondeat superior, the parties with whom Folendore had contracted to haul kaolin, appellees C. T. Harris Company and J. V. Henry Trucking Company, and their respective insurers, were dismissed as not liable. The jury returned a plaintiff's verdict against appellee Allen and ruled in favor of appellee Folendore. C. T. Harris Company and J. V. Henry Trucking Company and their insurers, Reliance Insurance Company and Cotton States Insurance Company, have filed motions to dismiss the appeal against them on grounds that appellant was exclusively bound by her election to proceed with trial against Allen and Folendore after the other defendants had been awarded directed verdicts. *Held*:

1. Appellees C. T. Harris Company and J. V. Henry Trucking Company contend that if a trial court grants a directed verdict in favor of one or some defendants in a joint and several action and the plaintiff elects to proceed against the remaining defendants without protest and without moving for a continuance to appeal the directed verdicts, the plaintiff is deemed to have abandoned any action against the defendants released by directed verdict. Three principal cases are assigned for this proposition: *Hodges v. Seaboard Loan &c. Assn.*, 188 Ga. 410 (3 SE2d 677) where the precise question was answered on certiorari from the Court of Appeals; *Bogle v. Atlantic Mills*, 114 Ga. App. 517 (151 SE2d 882); and *Allen v. Arthurs*, 106 Ga. App. 682 (3) (127 SE2d 819). However, those cases were decided prior to enactment of the Civil Practice Act in Georgia.

Another line of cases shows that the premise in all these cases was that in a joint cause of action (not a joint and several action) where one defendant is dismissed, such dismissal is not final since the same cause of action is still pending below; but if the defendants are sued jointly and the cause of action is joint and several, a dismissal of one defendant is final because the action left pending is a different one than would have resulted if he had remained a party. In the latter

case the dismissal could be directly appealed and failure to do so while proceeding against the remaining defendant was deemed an abandonment. This premise is explained in *Moore v. Harrison*, 202 Ga. 814 (1), 817 (44 SE2d 551) and *Robinson v. Bomar*, 122 Ga. App. 564 (1) (177 SE2d 815).

However, in *Walker v. Robinson*, 232 Ga. 361 (207 SE2d 6), the Supreme Court reversed a Court of Appeals case which had held that where liability of defendants is joint and several, a dismissal of some defendants is a final judgment and directly appealable. *Robinson v. A. Constr. Co.*, 130 Ga. App. 56 (202 SE2d 248). The Supreme Court applied Code Ann. § 81A-154 (b) (OCGA § 9-11-54 (b)) which states that in a multi-party or multi-claim case where judgment is rendered to one or more but fewer than all the claims or parties, the judgment is final only upon an express determination by the trial court; otherwise, such judgment is not final. Since there was no express determination and entry of final judgment, nor was any certificate of immediate review granted under OCGA § 5-6-34 (formerly Code Ann. § 6-701), it was held that the defendant in *Walker v. Robinson*, supra, could not directly appeal. The Supreme Court declined to rule on the joint and several cause of action theory by which the Court of Appeals decided *Robinson v. A. Constr. Co.*, but specifically pointed out that *Robinson v. Bomar*, supra, and most of the line of cases cited therein had been decided prior to the Civil Practice Act.

However, on remand of the *Walker* case, the Court of Appeals did overrule the division of *Robinson v. Bomar*, which had held that in a joint and several cause of action, a dismissal of one defendant was directly appealable. It seems, therefore, that all cases which, prior to the Civil Practice Act, had held that dismissal of a defendant in a joint and several cause of action is a final judgment and directly appealable, are overruled.

This situation is therefore governed by OCGA § 9-11-54 (b), where it is provided that dismissal or other judgment as to one or fewer than all defendants in any action, whether it be multi-party or multi-claim, is not a final judgment except by express determination; and it is not directly appealable without a certificate of appealability pursuant to OCGA § 5-6-34. The appellant James could not directly appeal the dismissals of appellees C. T. Harris Company and J. V. Henry Trucking Company and their insurers, and her proceeding with her claims against Folendore and Allen was not an abandonment of her case against the other defendants. Accordingly, those parties are not entitled to a dismissal of this appeal.

However, the directed verdicts to those defendants as an adjudication on the merits (OCGA § 9-11-41 (b)) were not error in this case, as Folendore was driving his own truck to his home and was not at the time of the collision engaged in any business of the other defen-

dants. See *Intl. Business Machines v. Bozardt*, 156 Ga. App. 794 (275 SE2d 376); *Atlanta Blue Print &c. Co. v. Kemp*, 130 Ga. App. 778 (204 SE2d 515).

2. The appellant contends the trial court erred in charging the jury that a person cannot be held in violation of OCGA § 40-6-42 (b) unless he knew, or should have known, that someone was overtaking him or attempting to pass him on the highway. Appellant essentially contends that Folendore's failure to "give way to the right in favor of the overtaking vehicle" (OCGA § 40-6-42 (b)) was negligence per se, regardless whether Folendore knew or should have known he was being overtaken by Allen's vehicle. See, cited as authority for this proposition, *Holloman v. Hopson*, 45 Ga. App. 762 (166 SE 45). We disagree, because clearly the statute does not intend to impose absolute criminal or civil liability upon the driver of a vehicle who does not know, nor are there facts to show he should have known, that his vehicle was being overtaken. See *Snell v. McCoy*, 135 Ga. App. 832 (219 SE2d 482). Roadway statutes are to be given their reasonable intendment, and are to be construed so as to be sensible and realistic. *Kelly v. Locke*, 186 Ga. 620 (198 SE2d 754); *Wells v. Alderman*, 117 Ga. App. 724 (162 SE2d 18). The evidence in this case clearly permitted the jury to conclude that Folendore did not know Allen was attempting to overtake him on the highway and that Folendore did not knowingly or negligently increase his speed while Allen was attempting to overtake him.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED FEBRUARY 4, 1985 —
REHEARING DENIED MARCH 5, 1985 — 

*Gerald S. Mullis, Julius A. Powell, Jr.*, for appellant.
*Rufus D. Sams III, George C. Grant, Robert R. Gunn II, Thomas W. Talbot, David M. Baxter, Joseph H. Chambless, E. Bruce Benton*, for appellees.